## COMMONWEALTH *vs.* FRANK PEOPCIK.

Essex.    January 27, 1925. — February 24, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & WAIT, JJ.

*Receiving Stolen Property.    Evidence,* Presumptions and burden of proof.

At the trial of a complaint charging the defendant with receiving stockings manufactured in and stolen from a mill, well knowing them to have been stolen, it appeared that the defendant and his wife for many years had been employed at the mill; that eighty-seven pairs of stockings were found in the defendant's home, some in a drawer and some in a box on the floor of a closet; and that they were identified by a superintendent and an overseer of the mill as being in a condition in which stockings never were allowed to leave the mill.   The defendant stated that "some of the stockings were purchased by him and his wife from the" mill. There was testimony that the defendant purchased the stockings from a pedler.   There was no direct testimony that the defendant knew the stockings were stolen, that they were unfinished, or that he knew of the custom of the mill not to sell stockings unfinished or "in the condition as above set forth."   *Held,* that

(1) There was evidence warranting a finding by the jury that the stockings were stolen from the owner;

(2) Although there was no direct testimony that the defendant had knowledge that the property was stolen, the question, whether the defendant received the goods, knowing them to be stolen, was nevertheless a question of fact for the jury to decide upon all the evidence, including the defendant's possession of the stolen property and the inferences to be drawn from this circumstance.

COMPLAINT, received and sworn to in the Third District Court of Essex on November 17, 1922, charging that the defendant "did have, receive and aid in the concealment of" stockings belonging to The Ipswich Mills, "then lately before within said Commonwealth stolen, taken and carried away by certain evil-disposed person," the defendant "then and there well knowing the said property, moneys, goods and chattels to have been feloniously stolen as aforesaid."

On appeal to the Superior Court, the complaint was tried before *Whiting,* J.   Material evidence is described in the opinion.   At the close of the evidence, the defendant moved that a verdict of not guilty be returned.   The motion was

denied. The defendant was found guilty and alleged exceptions.

The case was submitted on briefs.

*M. J. Reardon*, for the defendant.

*W. G. Clark*, District Attorney, & *F. E. Raymond*, Assistant District Attorney, for the Commonwealth.

CARROLL, J. The defendant was tried on a complaint for receiving goods, knowing they had been stolen from the owner, the Ipswich Mills. At the trial evidence was introduced that on November 17, 1922, eighty-seven pairs of stockings were found at the defendant's home in Ipswich. Some of these were in a bureau drawer, and others were in a box on the floor of the closet in the same room with the bureau. The superintendent of the Ipswich Mills and an overseer in its finishing room identified them as stockings made at the Ipswich Mills. They identified certain pairs of undyed stockings, and also stockings "with a silk leg and cotton top, which . . . had not been dyed at the Ipswich Mills," and certain "unfinished stockings which had been dyed and had not gone through the finishing room." These stockings had not been worn. The superintendent and overseer testified that the stockings identified by them were never allowed "to leave the mills"; that the adult stockings found in the defendant's possession were without a mark size and the trade mark of the Ipswich Mills, which were placed on stockings, "except the brief period just before Christmas when the rush was on."

The defendant and his wife had been employed by the Ipswich Mills for a long period prior to the finding of the stockings. The defendant stated that "some of the stockings were purchased by him and his wife from the Ipswich Mills." The records of the mill show that the defendant or his wife purchased from the Ipswich Mills in December, 1921, six pairs of ladies' stockings, twenty-four pairs of children's stockings, and in February and August, 1922, twelve pairs of men's stockings, three pairs of children's and six pairs of ladies' stockings. The bill of exceptions recites that there was no direct testimony that the defendant knew the stockings were stolen, that they were unfinished,

or that he knew of the custom of the Ipswich Mills not to sell stockings unfinished or "in the condition as above set forth." There was testimony that the defendant purchased the stockings from a pedler. At the close of the evidence the defendant moved that a verdict of not guilty be ordered. The motion was denied and the defendant excepted. A verdict of guilty was returned.

There was evidence that the goods in question were stolen. The evidence of the superintendent and overseer, if believed, was sufficient to show that the stockings found in the defendant's possession were manufactured by the Ipswich Mills; that some of these stockings were undyed, some of them were not dyed by the Ipswich Mills, and others had not gone through the finishing room; that stockings in this condition "were never allowed to leave the mills." The jury could have found on all the evidence, that the goods in question were stolen from the owner.

The stockings were found in the defendant's possession. The jury could refuse to believe the testimony that the stockings were purchased from a pedler, and they could refuse to believe that the identified stockings were purchased from the Ipswich Mills. Although there was no direct testimony that the defendant had knowledge that the property was stolen, it was nevertheless a question of fact for the jury to decide upon all the evidence, including the defendant's possession of the stolen property and the inferences to be drawn from this circumstance, whether the defendant received the goods, knowing them to be stolen. The defendant can be convicted under G. L. c. 266, § 60, of receiving stolen goods, if, knowing them to be stolen, he buys or receives them or aids in their concealment. He may be convicted if he believed they were in fact stolen, although he may not have full and exact knowledge. *Commonwealth* v. *Kronick*, 196 Mass. 286.

The defendant contends that there was nothing to show when the property left the possession of the Ipswich Mills. The bill of exceptions does not purport to contain all the material evidence and we cannot tell what evidence was before the jury on this point; but on the evidence reported,

the defendant's guilty knowledge was for the jury to determine, although the record does not show at what time the stockings were stolen from the owner.    The case was properly submitted to the jury.    See *Commonwealth* v. *Taylor*, 210 Mass. 443.    *Commonwealth* v. *Montgomery*, 11 Met. 534, 537.

*Exceptions overruled.*