COMMONWEALTH *vs.* JEFFREY JOHNSON. December 26, 1978. The defendant's second substitute bill of exceptions correctly asserts error in the denial by a Superior Court judge, sitting jury waived, of the defendant's motion for acquittal (stated as a motion for a directed verdict) made at the close of the Commonwealth's case, see *Commonwealth* v. *Kelley,* 370 Mass. 147, 149 (1976), on a complaint for unauthorized use of an automobile in violation of G. L. c. 90, § 24 (2) (a). Police officers in a cruiser observed a car occupied by three individuals, one of whom was the defendant, proceeding in the wrong direction on a one-way street. The defendant was seated on the front passenger seat beside the driver. A third man sat in the rear. After signaling to the operator of the car to pull over, the police observed him turn his head toward the defendant and observed the latter turn his head toward the operator. "Shortly thereafter" the car increased its speed. A chase ensued which ended a few minutes later when the car struck a pole. The other occupants fled. The defendant, who appeared to be "shaken up," was apprehended two or three feet from the car. The defendant stated that he had been hitchhiking and denied knowing either of his companions. He lied to the police in stating that the individual on the back seat, who had successfully escaped, had been the operator rather than the actual driver whom the police then had in custody. Finally, the defendant told the police that "he could not start giving names because that would get him into trouble." The mere presence of the defendant in the stolen car was insufficient to support an inference of knowledge on his part that the use of the vehicle was unauthorized. *Commonwealth* v. *Boone,* 356 Mass. 85, 87 (1969). *Com-*

*monwealth* v. *Conway*, 2 Mass. App. Ct. 547, 554 (1974). See *Commonwealth* v. *Flaherty*, 358 Mass. 817 (1971); *Commonwealth* v. *Scarborough*, 5 Mass. App. Ct. 302, 303-304 (1977); *Commonwealth* v. *Chinn, ante* 714, 717 (1978). However, presence supplemented by other incriminating evidence will serve to tip the scales in favor of sufficiency. See *Commonwealth* v. *Albano*, 373 Mass. 132, 134-135 (1977). The defendant's repeated falsehoods to the police with respect to the identity of the driver were evidence of consciousness of guilt and constituted an implied admission which might, with other evidence, be sufficient to establish guilt. *Commonwealth* v. *Fancy*, 349 Mass. 196, 201 (1965). *Commonwealth* v. *Curry*, 341 Mass. 50, 55 (1960). But in this case the "other evidence" was insufficient. The other evidence and any reasonable inferences which might be drawn therefrom fall short of imputing knowledge to the defendant that the use of the car was unauthorized, e.g., the fact that the vehicle was traveling in the wrong direction on a one-way street, that the driver sped away after having been hailed by the police, the chase, the collision, the flight of the other occupants and a presumed conversation (its content undisclosed) between the driver and the defendant alleged to have taken place shortly before the car sped away and evidenced only by the two occupants of the front seat turning their heads toward each other.

*Exceptions sustained.*

*Judgment for the defendant.*

*Steven M. Wise* for the defendant.

*James S. Hamrock, Jr.*, Special Assistant District Attorney, for the Commonwealth.