COMMONWEALTH *vs.* EARL G. JOHNSON.

Middlesex.   December 15, 1978. — March 14, 1979.

Present: KEVILLE, GOODMAN & ARMSTRONG, JJ.

*Receiving Stolen Goods. Motor Vehicle,* Receiving stolen motor vehicle. *Burglarious Implements. Practice, Criminal,* Instructions to jury. *Pleading, Criminal,* Indictment. *Error,* Harmless.

Evidence that a defendant was a passenger in a stolen car which he and the driver of the car employed in the commission of a housebreak and that he fled from the police in the vehicle and then on foot and gave a false name when apprehended warranted a conclusion that the defendant was knowingly in possession of the stolen car and knowingly possessed the burglarious instruments found in the trunk of the car. [193-194]

At the trial of a defendant charged with receiving a stolen motor vehicle, any erroneous impressions resulting from the judge's employment of the word "using" in that part of his instructions dealing with "receiving" a stolen motor vehicle were offset by the balance of his charge. [195]

At a criminal trial, the judge's instructions with respect to the jury's authority to draw inferences from the facts, although inartfully articulated, were adequate. [195]

At the trial of an indictment charging the defendant with possession of burglarious instruments with intent to break into "buildings, rooms, vaults, safes and other depositories, in order to steal therefrom" the judge's instruction that the Commonwealth could establish the defendant's guilt by proving his possession of the tools with the intent to steal or to commit some other crime, although exceeding the scope of the indictment, was not prejudicial to the defendant where there was no evidence from which the jury could reasonably have inferred that the defendant possessed the instruments for the purpose of committing a crime other than a housebreak. [195-197]

INDICTMENTS found and returned in the Superior Court on January 23, 1978.

The cases were tried before *Garrity,* J.

*Steven A. Sussman* for the defendant.

*Robert M. Raciti*, Legal Assistant to the District Attorney, for the Commonwealth.

KEVILLE, J. The defendant was tried by a jury and convicted of receiving a stolen motor vehicle, G. L. c. 266, § 28, and of possession of burglarious instruments, G. L. c. 266, § 49.[1] On each of these convictions he received ten-year concurrent sentences. His appeal comes here under G. L. c. 278, §§ 33A-33G. He claims error in the denial of his motions for directed verdicts and in certain of the judge's instructions to the jury.

Pertinent evidence may be summarized as follows: The defendant and a companion, who was the driver, fled in a stolen automobile following an abortive break into a home in which the defendant had been surprised by the owner of the home.[2] After receiving a description of the car and its license number from the owner of the house, the police spotted the vehicle and pursued it in a high speed chase. The vehicle came to a stop. The driver and the defendant, who was on the front passenger seat, fled but were quickly apprehended. When asked to identify himself, the defendant gave a false name to the police. In the trunk of the car the police found a shotgun, savings bonds, and a bankbook, identified later as having been stolen in recent housebreaks. Also in the trunk the police found a hammer, a crate opener, and three screwdrivers wrapped in a towel. The police had obtained a search warrant and gained access to the trunk using a key found in the ignition of the car. The Commonwealth and the defendant stipulated that the car had been stolen less than a month before and it was further stipulated that a

---

[1] The jury found the defendant not guilty on other indictments brought against him in connection with the same incident: unlawfully carrying a firearm in a motor vehicle, receiving stolen property, and receiving stolen goods.

[2] The record reveals that complaints arising from this housebreak had been lodged and were pending against the defendant in another county at the time of this trial.

fingerprint on the shotgun was that of the driver of the stolen car.

*Denial of the motions for directed verdicts.*

The question raised by the motions for directed verdicts is whether there was sufficient evidence of the defendant's guilt to warrant the submission of the case to the jury. The standard of review on appeal is whether the evidence read in its aspect most favorable to the Commonwealth is such that the jury "might properly draw inferences, not too remote in the ordinary course of events, or forbidden by any rule of law, and conclude upon all the established circumstances and warranted inferences that the guilt of the defendant was proved beyond a reasonable doubt." *Commonwealth* v. *Vellucci*, 284 Mass. 443, 445 (1933). *Commonwealth* v. *Mangula*, 2 Mass. App. Ct. 785, 786 (1975). Applying that standard, we conclude that there was no error in the denial of the motions.

The defendant's presence as a passenger in the stolen car did not alone satisfy the statutory requirement of knowing possession of the vehicle (see *Commonwealth* v. *Boone*, 356 Mass. 85, 87 [1969]; *Commonwealth* v. *Scarborough*, 5 Mass. App. Ct. 302, 303 [1977]; *Commonwealth* v. *Johnson*, 6 Mass. App. Ct. 956 [1978]), but his presence supplemented by other incriminating evidence justified submission of the issue to the jury (*Commonwealth* v. *Albano*, 373 Mass. 132, 134 [1977]; *Commonwealth* v. *Johnson, supra*). Evidence that the defendant and the driver employed the vehicle in the commission of a crime, the housebreak, warrants an inference that he, together with the driver, had the requisite possession and control of the vehicle. See *Commonwealth* v. *Smith*, 3 Mass. App. Ct. 144, 146 (1975); *Commonwealth* v. *Settipane*, 5 Mass. App. Ct. 648, 651 (1977). And from his possession of the recently stolen vehicle, the jury could infer the defendant's knowledge that it was stolen. See *Commonwealth* v. *Peopcik*, 251 Mass. 369, 371 (1925); *Commonwealth* v. *Kelley*, 333 Mass. 191, 193-194 (1955); *Commonwealth* v. *Ob-*

Commonwealth v. Johnson.

*shatkin,* 2 Mass. App. Ct. 1, 3 (1974). In addition to the defendant's participation in the break and his presence in the vehicle, his flight from the police in the vehicle and then on foot and the fact that he gave a false name to the police were evidence of his consciousness of guilt. See *Commonwealth* v. *Fancy,* 349 Mass. 196, 201 (1965).

Similarly while the defendant's presence in the vehicle would not alone warrant an inference that he knowingly possessed the burglarious instruments (*Commonwealth* v. *Boone,* 356 Mass. at 87; *Commonwealth* v. *Scarborough,* 5 Mass. App. Ct. at 303-304), particularly where the instruments were found in the trunk of the car (contrast cases cited in *Commonwealth* v. *Albano,* 373 Mass. at 134), his presence in the car, in light of the additional incriminating evidence, warranted submission of this issue to the jury. In *Commonwealth* v. *Navarro,* 2 Mass. App. Ct. 214, 223-224 (1974), evidence permitting an inference of a defendant's participation in a break and of his use of a car in whose trunk were found burglarious instruments "warranted the jury in concluding that ... [the defendant] was in possession of the burglar's tools."[3] See *Commonwealth* v. *Gizicki,* 358 Mass. 291, 297 (1970).

*Instructions to the Jury.*

Contrary to the defendant's contentions, there was no error in the judge's instructions to the jury either (a) with respect to the law applicable to receiving the stolen motor vehicle, or (b) in regard to the examples cited by the judge

---

[3] The defendant also appears to argue that the judge erred in failing to direct a verdict on the indictment for possession of burglarious instruments *after* the jury returned its verdicts. He contends that the defendant's acquittal on the charges of receiving the stolen items found in the trunk of the vehicle required a finding that the defendant had no knowledge of the contents of the trunk, including the burglarious instruments, in order to avoid inconsistent verdicts. However, it was within the province of the jury to return verdicts which, in light of the Commonwealth's allegations appeared to be factually inconsistent. *Commonwealth* v. *McCarthy,* 348 Mass. 7, 14 (1964). *Commonwealth* v. *Scott,* 355 Mass. 471, 475 (1969). *Commonwealth* v. *White,* 363 Mass. 682, 684-685 (1973).

with respect to the jury's authority to draw inferences from the facts found by them.

(a) Any erroneous impressions which might have been left with the jury as a result of the judge's employment of the word "using" in that part of his instructions dealing with "receiving" a stolen motor vehicle were dispelled by the balance of his charge which made clear that he was not equating the offense of receiving a stolen motor vehicle, G. L. c. 266, § 28, with the lesser offense of using a motor vehicle without authority. See *Commonwealth* v. *Giannino*, 371 Mass. 700, 702-703 (1977).

(b) Although the judge's instructions with respect to inferences were somewhat inartfully articulated, his basic charge on that subject was accurately drawn from *Commonwealth* v. *O'Brien*, 305 Mass. 393, 400-401 (1940), and, evaluating that portion of the charge as a whole, we conclude that the instructions were adequate. *Commonwealth* v. *Pinnick*, 354 Mass. 13, 15 (1968). *Commonwealth* v. *Kelley*, 359 Mass. 77, 92 (1971).

Finally, the defendant contends that the judge's instructions exceeded the scope of the indictment which charged the defendant with possession of burglarious instruments. The indictment alleged that the defendant possessed the instruments with intent to break into "buildings, rooms, vaults, safes and other depositories, in order to steal therefrom." This is the language prescribed by G. L. c. 277, § 79, which supplies the wording of an indictment under G. L. c. 266, § 49. However, § 49 goes further. In the alternative, the statute makes it a criminal offense to possess burglarious instruments with intent "to commit any other crime." Having limited the scope of the indictment as it did, the Commonwealth was confined to proof of possession of the tools with intent to use them to steal from a building, room, vault, safe or other depository. *Commonwealth* v. *Armenia*, 4 Mass. App. Ct. 33, 38 (1976).

In his charge, the judge quoted the language of § 49 and shortly thereafter twice stated to the jury that the Com-

monwealth could establish the defendant's guilt by proving his possession of the tools "with the intent to steal *or to commit some other crime*" (emphasis supplied). Thereafter he made the additional comments that possession of the tools could be the basis of a conviction if the defendant possessed them with "intent to use them to commit a crime," or "with the design to use them for a criminal purpose."

We disagree with the defendant's assertion that the use of the additional statutory language by the judge misled the jury to convict the defendant of an intent beyond the scope of the indictment, thus requiring reversal of the conviction on that indictment. We have not found, nor has our attention been directed to, a case in this jurisdiction which is precisely on point. As a general rule, cases in other jurisdictions hold that there is no prejudicial error in a charge based upon statutory language exceeding the scope of the indictment unless, under the facts and circumstances of the case, the jury may have been misled. *State* v. *Tryon,* 145 Conn. 304, 306-307 (1958). *People* v. *Galloway,* 28 Ill. 2d 355, 362-363 (1963), cert. denied, 376 U.S. 910 (1964). *People* v. *Green,* 14 Ill. App. 3d 972, 982-983 (1973), cert. denied, 417 U.S. 972 (1974). *Witherspoon* v. *State,* 258 Ind. 149, 151 (1972). *State* v. *Livingston,* 2 Or. App. 587, 592-594 (1970). But see *State* v. *Shepard,* 442 S.W. 2d 58, 60 (Mo. 1969). The conclusion that a jury were not misled may be based upon the absence of evidence at trial referring to the inapplicable portion of the statute. *People* v. *Green, supra. People* v. *Eastland,* 11 Ill. App. 3d 271. 272 (1973). *State* v. *Johnson,* 1 Wash. App. 553, 555-556 (1969). But see *State* v. *Shepard,* 442 S.W. at 60. The underlying rationale of these cases may be seen in *Commonwealth* v. *Bohmer,* 374 Mass. 368, 375-377 (1978), in which a jury instruction, overbroad in that it defined as criminal both activity that is protected by the First Amendment and activity that is unprotected, was held to be harmless error because there was no evidence at trial of protected activity upon which the jury could have based their verdict of guilty.

In the instant case not only did the proof conform to the allegations set forth in the indictment, but we think it unlikely that the jury were misled by the additional language inasmuch as there was no evidence from which they could reasonably have inferred that the defendant possessed the instruments for the purpose of committing a crime other than a housebreak. Thus, it is our conclusion that the inaccuracies in the judge's charge were not prejudicial to the defendant and were harmless error.

*Judgments affirmed.*