**In the Matter of the WELFARE OF C.D.L.**

**No. 51791.**

Supreme Court of Minnesota.

June 19, 1981.

William R. Kennedy, Hennepin County Public Defender, and E. George Widseth, Asst. Public Defender, Minneapolis, for appellant.

Thomas L. Johnson, County Atty., Gail S. Baez, Asst. County Attys., and Thomas Weist, Law Clerk, Minneapolis, for respondent.

TODD, Justice.

This is an appeal by a juvenile from an order of the Juvenile Division, Hennepin County District Court, finding that he committed a delinquent act, namely, unauthorized use of a motor vehicle, in violation of Minn.Stat. § 609.55, subd. 2 (1980). The court placed appellant on probation, ordered restitution, and granted appellant's request for permission to move to his father's residence in another state once restitution was made. On his appeal appellant contends that there was insufficient evidence supporting the finding and also that the trial court erred in allowing the prosecutor to impeach the credibility of a defense witness with a prior juvenile adjudication. We affirm.

The vehicle in question was a Moped taken from its owner's garage on or about May 20, 1980, 1 week before appellant, with a companion as passenger, was stopped while he was driving it.

Appellant claimed at the adjudicatory hearing that he had gotten the Moped from a "dude" whose first name was "Benny," whom he did not know personally, a few days before he was stopped, and that he was planning to pay Benny $85 for it. Testifying as a corroborating witness was a friend of appellant whose credibility was impeached by a prior juvenile adjudication.

Appellant's first contention is that the evidence was insufficient to support a finding that he used the vehicle knowing that he did not have permission from its true owner to do so.

■ We agree with the appellant and with the trial court that unauthorized use is a crime requiring more than a mere general intent; the intent is the intent to use a vehicle knowing that one does not have permission from the true owner to do so. This is clear from a reading of the Advisory Committee Comments to the statute, and this is the approach taken in 10 Minn. Dist. Judges Ass'n, Minnesota Practice, CRIMJIG 16.27 (1977). This approach is also consistent with the approach which we took in interpreting Minn.Stat. § 609.53 as it read before it was amended in 1973 to spell out the knowl-

edge requirement. It is also consistent with basic rules of fairness and common sense. Any other approach would theoretically permit the conviction of people who in good faith used cars loaned to them by people who did not have permission to use them.

■ Although we agree with appellant's analysis of the elements, we disagree with his contention that the evidence in this case should be deemed insufficient to justify a finding that he committed an act of unauthorized use. We believe generally that when the state is able to show use and lack of permission to use, that should be enough to establish a prima facie case.

Appellant's contention that the trial court's explanation of his finding suggests that the trial court improperly believed appellant had some burden of proof is meritless. The trial court did not say that appellant had a burden of proving himself innocent, but that there were holes in appellant's defensive explanation for the devastatingly incriminating evidence that he was caught in the act of using the vehicle in question without permission from the true owner and for that reason, among others, the trial court disbelieved the explanation.

2. Appellant's other contention is that the trial court committed prejudicial error in permitting the prosecutor to impeach appellant's corroborating witness with his juvenile adjudication. Specifically, he contends that under Minn.R.Evid. 609 and Minn.Stat. § 260.211 (1980), it is improper to impeach a witness with juvenile adjudications, even a witness in a juvenile court proceeding.

Minn.R.Evid. 609 is the rule governing impeachment by evidence of conviction of crime. Subsection (d) of this rule provides that "Evidence of juvenile adjudications is not admissible under this rule pursuant to statute." In other words, the rule defers to the statute on this matter. The statute, section 260.211, reads as follows:

Subdivision 1. No adjudication upon the status of any child in the jurisdiction of the juvenile court shall operate to impose any of the civil disabilities imposed

by conviction, nor shall any child be deemed a criminal by reason of this adjudication, nor shall this adjudication be deemed a conviction of crime. The disposition of the child or any evidence given by the child in the juvenile court shall not be admissible as evidence against him in any case or proceeding in any other court, except that an adjudication may later be used to determine a proper sentence, nor shall the disposition or evidence disqualify him in any future civil service examination, appointment, or application.

Subd. 2. Nothing contained in this section shall be construed to relate to subsequent proceedings in juvenile court, nor shall preclude the juvenile court, under circumstances other than those specifically prohibited in subdivision 1, from disclosing information to qualified persons if the court considers such disclosure to be in the best interests of the child or of the administration of justice.

Underlying the rule is the belief that juvenile proceedings are paternalistic and the notion that it would therefore be unfair to permit juvenile records to be used as though they were criminal records, being public information and following and harassing the juvenile throughout his life. Other more technical objections to the later use of such adjudications, stemming from the lack of procedural safeguards insuring reliability of the adjudications, have largely been removed in recent years as a result of the effect of *In re Gault*, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), on juvenile proceedings.

This rule might conflict with the right of confrontation if it barred cross-examination of a prosecution witness in a criminal proceeding, *see State v. Schilling*, 270 N.W.2d 769 (Minn.1978), but generally the rule applies in adult criminal proceedings.

 Our situation is different because the proceeding is not an adult criminal proceeding but an adjudicatory proceeding in the juvenile court. We interpret the statute as not barring use of a prior adjudication for impeachment purposes in a juvenile proceeding. Not only does the statute con-

tain wording which justifies this interpretation, but common sense supports it. When a prior juvenile adjudication is used for impeachment purposes in juvenile court, the adjudication still retains its confidentiality, since juvenile proceedings are closed to the public.

Affirmed.