COMMONWEALTH *vs.* DEE PORTER.

Worcester. October 20, 1982. — February 17, 1983.

Present: BROWN, GREANEY, & DREBEN, JJ.

*Motor Vehicle,* Unauthorized use. *Practice, Criminal,* Comment by prosecutor.

Even though a criminal defendant had been in jail at the time when a certain automobile was stolen, her possession of the automobile a few days after the theft and her inadequate explanation that she had borrowed the automobile from an unnamed friend warranted an inference that the defendant knew her use of the automobile was unauthorized. [332-335]

At a criminal trial comments made by the prosecutor in his closing argument on the defendant's failure, when stopped by police as she was driving a stolen automobile, to identify the friend from whom she claimed to have borrowed the automobile were remarks directed toward the general weakness of the defendant's account, rather than improper comment on her exercise of the right to remain silent. [335-336]

COMPLAINT received and sworn to in the Central Worcester Division of the District Court Department on May 5, 1981.

On appeal to the jury session, the case was tried before *Garbose,* J.

The case was submitted on briefs.

*W. Theodore Harris, Jr.,* for the defendant.

*John J. Conte,* District Attorney, *& Joseph C. McGinn,* Assistant District Attorney, for the Commonwealth.

DREBEN, J. The defendant was found not guilty of larceny of a motor vehicle, but was convicted of using a motor vehicle without authority, knowing that such use is unauthorized. G. L. c. 90, § 24(2)(*a*). At the time she was found driving the car she said she had borrowed it. She urges error in the denial of her motion for a required finding

of not guilty on the ground that there was insufficient evidence, see *Commonwealth* v. *Latimore,* 378 Mass. 671, 678 (1979), to satisfy a rational trier of fact beyond a reasonable doubt that she knew the use of the vehicle was unauthorized. The defendant also claims that the prosecutor improperly commented on her failure to tell the police the name and address of the person from whom she allegedly borrowed the car. We affirm.

A number of facts were stipulated. Between 9:30 on the evening of May 2, 1981, and 4:30 on the morning of May 3, 1981, a 1977 Chrysler automobile belonging to one Thomas Harvey was stolen from the street in front of his house. Harvey had left the keys under the front mat, but had given no one permission to use the car. At the time of the theft, the defendant was in jail, having been arrested at approximately 7:30 P.M. on May 2, 1981, and not having been released until 7:55 A.M. on May 3.

Only one witness, a police officer, testified. After observing an automobile on May 5 at 3:15 in the morning, he ran a local telephone check on the car. Informed that it was stolen, he pulled the car over, advised the defendant driver of the reason for the stop, and gave her Miranda warnings. The defendant said she had borrowed the car. On direct examination by the prosecutor, the officer was asked whether she had given the name of the person from whom she had borrowed the car and, also, whether he had asked her the name of that person. He answered "no" to both questions. On cross-examination, the officer confirmed that the defendant had told him, "she had borrowed the car from a friend." The defendant did not take the stand.

1. *Motion for required finding of not guilty.* The propriety of the denial of the motion depends on whether it was permissible for the jury to infer that she knew that her use was unauthorized from the unexplained, or not credibly explained, possession by the defendant of the recently stolen car. See, e.g., *Commonwealth* v. *Kelley,* 333 Mass. 191, 195 (1955). For a discussion of such inferences, see *Commonwealth* v. *Pauley,* 368 Mass. 286, 296-299, appeal dis-

missed, 423 U.S. 887 (1975). See also *DeJoinville* v. *Commonwealth*, 381 Mass. 246, 253 (1980).

The defendant argues that mere presence in a recently stolen automobile does not give rise to the inference. See, e.g., *Commonwealth* v. *Boone*, 356 Mass. 85, 87 (1969); *Commonwealth* v. *Conway*, 2 Mass. App. Ct. 547, 554 (1974); *Commonwealth* v. *Johnson*, 6 Mass. App. Ct. 956, 957 (1978) (all involving passengers). Since it was stipulated that the defendant was in jail at the time of the theft, she urges that the rule as to passengers should be applied here.

Her claim would have force if the only inference permissible from the unexplained possession of recently stolen property is that the accused is the thief. While in some circumstances that inference may be drawn, see e.g., *Commonwealth* v. *Subilosky*, 352 Mass. 153, 166 (1967) (automobile); *Commonwealth* v. *Grace*, 265 Mass. 119, 123-124 (1928); *Commonwealth* v. *Kelley*, 333 Mass. at 193, 195; *Commonwealth* v. *Hughes*, 380 Mass. 596, 602-603 (1980), in others, it may be inferred that the defendant is not the thief but has knowledge that the goods are stolen. Thus, a long line of Massachusetts cases allow such an inference where the defendant is charged not with theft, but with a crime inconsistent with theft, namely, receiving stolen goods. *Commonwealth* v. *Peopcik*, 251 Mass. 369, 371 (1925). *Commonwealth* v. *Kelley*, 333 Mass. at 195. *Commonwealth* v. *Ryan*, 355 Mass. 768, 773 (1969). *Commonwealth* v. *Sandler*, 368 Mass. 729, 741-742 (1975). *Commonwealth* v. *Settipane*, 5 Mass. App. Ct. 648, 652 (1977). *Commonwealth* v. *Burns*, 388 Mass. 178, 183 (1983). As stated in *Commonwealth* v. *Ross*, 339 Mass. 428, 431 (1959), "where the evidence is circumstantial and recent possession is relied on, several inferences are possible." Theft is not the only one and the jury should be free to decide between the inferences. *Id.* at 432. *Commonwealth* v. *Obshatkin*, 2 Mass. App. Ct. 1, 4-5 (1974).

The inference of guilty knowledge has been applied in actions under 18 U.S.C. § 2312 (1976) (interstate transporta-

tion of a motor vehicle knowing the same to be stolen) without concern as to whether the accused is the thief. See *United States* v. *Canessa,* 534 F.2d 402, 403-404 (1st Cir. 1976) (jury could infer from possession of stolen automobile that defendant knew it was stolen when he transported it — theft not an element of violation charged). See also *United States* v. *Burns,* 597 F.2d 939, 942-943 (5th Cir. 1979) (person found in "unexplained possession of recently stolen property likely is the thief or privy to the theft. . . . courts today infer the possessor's guilty knowledge irrespective of the identity of the real thief"); *United States* v. *Strauss,* 678 F.2d 886, 894 (11th Cir. 1982) (unexplained possession of recently stolen goods would alone allow inference of knowledge at time of receipt). Contra *Travers* v. *United States,* 335 F.2d 698, 701 (D.C. Cir. 1964) (depends on inference that possessor is the thief).

Moreover, the inference that the possessor of stolen goods has "knowledge of their stolen quality . . . is much more widely accepted without qualification or corroborating evidence" than is the inference that the possessor committed the theft. *Cosby* v. *Jones,* 682 F.2d 1373, 1381 (11th Cir. 1982). "This is true because the inference of mere knowledge is a much more likely one." *Ibid.* In *Barnes* v. *United States,* 412 U.S. 837, 845-846 (1973), where the defendant was charged with possession of government checks stolen from the mails knowing them to be stolen, this inference was held to satisfy the "reasonable doubt standard, the most stringent standard . . . applied in judging permissive criminal law inferences."

If, as we have indicated, a jury may infer knowledge that the property (automobile) is stolen, it may infer knowledge that its use is unauthorized. Cf. *Commonwealth* v. *Subilosky,* 352 Mass. at 166-167 (suggestion that jury could not only infer larceny of automobile but also lesser offense of unauthorized use). This appears to be the rule elsewhere. In *People* v. *McCaleb,* 25 N.Y.2d 394, 397, 404 (1969), the court in upholding a statutory presumption that a person who uses a vehicle "without the consent of the owner is pre-

sumed to know that he does not have such consent," pointed out that such offenses have "special problems of proof," *id.* at 399, and that the "likelihood of innocent use of a 'stolen' vehicle is minimal and in the rare instance could be easily explained," *id.* at 401. See the similarity to the considerations mentioned in *Commonwealth* v. *Pauley,* 368 Mass. at 299. For other cases upholding an inference of knowledge from unexplained possession where the charge is unauthorized use, see *People* v. *Soranno,* 22 Cal. App. 3d 312, 316 (1971) (evidence additional to inference may, however, be required); *People* v. *Lyones,* 72 Ill. App. 3d 780, 783 (1979) (criminal trespass which is defined as entry of vehicle "knowingly and without authority"); *Snodgrass* v. *State,* 182 Ind. App. 473, 479-480 (1979); *Stallard* v. *Commonwealth,* 432 S.W.2d 401, 402 (Ky. 1968) (motorcycle); *In re C.D.L.,* 306 N.W.2d 819, 820 (Minn. 1981) (moped); *State* v. *White,* 541 S.W.2d 714 (Mo. App. 1976); *Commonwealth* v. *Randall,* 287 Pa. Super. 479, 482 (1981). Accordingly, we hold that there was no error in the denial of the defendant's motion.[1]

2. *Prosecutor's comment.* In his closing, the defendant's counsel relied on the defendant's out-of-court statement to the officer, that she had borrowed the car from a friend, to argue that she could not have known that the car was stolen. The prosecutor, in turn, after mentioning the defendant's right to remain silent, made the remarks set forth in the margin.[2] Since the defendant failed to object to these

---

[1] We note that in charging the jury the judge did not mention any specific inferences, charging generally that inferences must be based upon facts established beyond a reasonable doubt and that the jury could use their general knowledge "in determining what inferences are established beyond a reasonable doubt." Thus the inference was neither emphasized nor encouraged. See *Barnes* v. *United States,* 412 U.S. at 846 n.11; see also *Ulster County Ct.* v. *Allen,* 442 U.S. 140, Justice Powell dissenting 168, 170, 171, 173. We also note that unlike the judge in *Commonwealth* v. *Burns,* 388 Mass. at 180, 183, the judge here did not impose on the defendant any "burden of explanation."

[2] "But she chose to speak to the officer, and she said to him, 'Gee, a friend of mine let me borrow his car.' Now, the officer (inaudible) might

remarks until after the judge had instructed the jury, the objection came too late. *Commonwealth* v. *Johnson*, 374 Mass. 453, 457 (1978). Moreover, the comments were directed toward the "general weakness" of the defendant's account, see *Commonwealth* v. *Storey*, 378 Mass. 312, 324 (1979), cert. denied, 446 U.S. 955 (1980); *United States* v. *Davis*, 437 F.2d 928, 932-933 (7th Cir. 1971) (appropriate argument to point out that possession of car not adequately explained), rather than falling within the rule proscribing comment on the defendant's exercise of the right to remain silent. *Commonwealth* v. *Haas*, 373 Mass. 545, 561 (1977). *Commonwealth* v. *Smith*, 387 Mass. 900, 908-909 (1983). *Commonwealth* v. *Lowe, ante* 262, 267 (1983), and cases cited. See also *Commonwealth* v. *Mosby*, 11 Mass. App. Ct. 1, 6 (1980) (explaining that same reasons govern comments on silence at time of arrest and silence at time of trial). Had the defendant given the name of the person who she claimed lent her the car, that person, and not the defendant, would have been the person who would most buttress her explanation. See *Commonwealth* v. *Wilbur*, 353 Mass. 376, 385 (1967), cert. denied, 390 U.S. 1010 (1968).

In addition, the judge's firm instruction that "the fact the defendant has not testified is not to be taken as arousing any presumption or inference or prejudice against [her]" was sufficiently "clear and complete to negate any possible prejudice to the defendant." *Commonwealth* v. *Ferreira*, 381 Mass. 306, 316 (1980). In sum, there was here no miscarriage of justice. *Commonwealth* v. *Mitchell*, 12 Mass. App. Ct. 354, 355, 356 (1981).

*Judgment affirmed.*

---

hear that every time he stops somebody, a 'friend of mine let me borrow the car.'

"When she saw the police, did she say to him, 'His name is — he lives at — go and check it out, he'll tell you this is what happened?' She didn't say that, she just said 'I borrowed the car.'"