COMMONWEALTH *vs.* DARNELL A. CAMPBELL, JR.
(and two companion cases[1]).

No. 02-P-532.

Suffolk. April 15, 2003. - December 29, 2003.

Present: BECK, SMITH, & DUFFLY, JJ.

*Motor Vehicle,* Receiving stolen motor vehicle. *Receiving Stolen Goods. Evidence,* Identification, Hearsay. *Identification.*

The evidence at the trial of criminal complaints was insufficient to convict two codefendants of possession of a stolen motor vehicle in violation of G. L. c. 266, § 28, where there was no evidence that either codefendant was identified as the driver of the vehicle; there was nothing to indicate how they came to be, nor how long they had been, passengers in the vehicle; there was no evidence of their relationship to the driver; there was no evidence that either was in possession of the vehicle's keys; and there was no evidence that either codefendant knew that the car in which they were riding was stolen. [217-219]

The evidence at the trial of a criminal complaint charging the defendant with possession of a stolen motor vehicle in violation of G. L. c. 266, § 28, was sufficient to prove that he was the driver of the vehicle, where, despite a witness's expressions of uncertainty in his identification of the defendant as the driver, the witness's identification could satisfy a rational trier of fact of the element of the defendant's identity as the vehicle's driver beyond a reasonable doubt [219-220]; however, where the only evidence from which the jury could infer the defendant's knowledge or belief that the vehicle was stolen was improperly admitted in evidence, this court reversed the defendant's conviction but, because the Commonwealth had shown a reasonable prospect of filling the gap in its proof at a possible retrial, did not order that judgment be entered for the defendant [220-224].

COMPLAINTS received and sworn to in the Boston Municipal Court Department on April 13, 2001.

The cases were tried before *Mark H. Summerville,* J.

*Neil J. Berman* for Jumoke Griffith.

*Courtney Worcester* for Darnell A. Campbell, Jr.

[1]One against Jumoke Griffith and one against Sowande Tyrell.

*Richard B. Klibaner* for Sowande Tyrell.

*Rami M. Vanegas*, Assistant District Attorney, for the Commonwealth.

DUFFLY, J. Each of the three defendants was convicted by a jury of possessing a stolen vehicle in violation of G. L. c. 266, § 28.[2] The common claim on appeal is that there was insufficient evidence to convict and the defendants' motions for required findings of not guilty should therefore have been allowed. We agree and reverse the convictions.

*Facts.* The jury could have found that on April 7, 2001, Patrick Dellice drove a 2000 silver, four-door Mitsubishi Galant automobile that he had rented from Enterprise Rent-A-Car (Enterprise) to a party at Dorchester High School in Boston, and parked the car in front of the school, taking the car keys with him. When Dellice left the party at about 10:00 P.M., the Mitsubishi was no longer where he had parked it and the keys to the car were missing. He completed a police form reporting that the vehicle had been stolen.

Five days later, on April 12, 2001, Charles Godfrey was driving in downtown Boston when his car was struck by a late-model, silver Mitsubishi sedan. The impact caused serious, visible damage to the front bumper of Godfrey's car. The driver of the silver Mitsubishi did not immediately stop, so Godfrey followed it, expecting to exchange insurance information.

Robert Grayson, a Boston Housing Authority police officer, was driving next to and in the same direction as Godfrey and the Mitsubishi sedan when he heard the noise of a collision. He saw the cars separate and the Mitsubishi take off. Traffic slowed the Mitsubishi's progress, permitting Officer Grayson to pull ahead and position his vehicle in front of the Mitsubishi, which then came to a stop in the travel lane. As Godfrey, now also stopped behind the Mitsubishi, left his car and approached the Mitsubishi, four young males exited the vehicle, grabbed a large duffel bag from the trunk, and ran away, leaving the car doors

---

[2]Griffith was acquitted of leaving the scene of an accident. G. L. c. 90, § 24(2). The trial judge allowed Griffith's motion for a required finding of not guilty on a charge of unlicensed operation of a motor vehicle, G. L. c. 90, § 10.

and trunk open. Officer Grayson pursued the four individuals.

Boston police Detective Edward MacPherson, who at the time was unaware of the accident, observed four males jumping over a fence with baggage, and decided to question them. After doing so, Detective MacPherson released the four individuals. They were walking away at a quick pace when Officer Grayson approached and informed Detective MacPherson that the men he had questioned had just been involved in an automobile collision. Detective MacPherson pursued the now fleeing men and arrested them.

At trial, Grayson identified Griffith as the driver of the Mitsubishi and Tyrell and Campbell as passengers.[3]

*Discussion.* "The elements of possession of a stolen motor vehicle under G. L. c. 266, § 28, require proof that (1) the vehicle is stolen, (2) the defendant possessed the vehicle, and (3) the defendant knew that the vehicle was stolen." *Commonwealth* v. *Youngworth*, 55 Mass. App. Ct. 30, 34 (2002), cert. denied, 538 U.S. 1064 (2003).

1. *Claims of Tyrell and Campbell.* On appeal, the defendant-passengers Tyrell and Campbell argue that the evidence was insufficient to convict because it failed to establish that the vehicle was stolen, that each was in possession of the vehicle, and that each had the requisite knowledge that the vehicle was stolen. We agree.

Neither Campbell nor Tyrell was identified as a driver of the vehicle; there was nothing to indicate how they came to be, nor how long they had been, passengers; there was no evidence of their relationship to the driver; and there was no evidence that either was in possession of the Mitsubishi's car keys. Presence as a passenger does not, without more, prove possession, *Commonwealth* v. *Johnson*, 7 Mass. App. Ct. 191, 193 (1979), and there was no such additional, incriminating evidence here.

There was also no evidence that Campbell or Tyrell knew that the car in which they were riding was stolen. Contrast *Commonwealth* v. *Johnson*, *supra* at 192-193 (defendant

---

[3]There is nothing in the record to indicate what became of the fourth person arrested.

stipulated that car had been stolen less than month before[4]; defendant-passenger's use of car together with driver in commission of crime warranted inference of possession and control of vehicle, and from possession of recently stolen vehicle, jury could infer defendant's knowledge that it was stolen). The flight from the car following the collision was evidence of Campbell's and Tyrell's consciousness of guilt which, with other evidence, might combine to "turn the scale where the evidence is conflicting. But it forms an insufficient foundation for the erection of an entire case by mere inference without other evidence." *Commonwealth* v. *Fancy*, 349 Mass. 196, 201 (1965), quoting from *Credit Serv. Corp.* v. *Barker*, 308 Mass. 476, 481 (1941) (giving false name to police constituted implied admission, but other evidence was insufficient; further, there was outstanding warrant for defendant's arrest, and he thus had other motive for concealing his identity). The consciousness of guilt evidence (and any reasonable inferences which might be drawn therefrom) falls short of imputing knowledge to Campbell or Tyrell that the car was stolen. Compare *Commonwealth* v. *Johnson*, 6 Mass. App. Ct. 956, 957 (1978) (evidence insufficient to impute knowledge to defendant-passenger where driver sped away after having been hailed by police, was then chased by police, and was involved in collision from which driver and other passengers then fled). Contrast *Commonwealth* v. *Johnson*, 7 Mass. App. Ct. at 193-194 (consciousness of guilt, as evidenced by flight from police and fact that defendant gave false name when apprehended, together with evidence of possession and knowledge that vehicle was stolen, sufficient to warrant submission of case to jury).

On this basis alone, the denial of motions for required findings of not guilty, as to Campbell and Tyrell, was error. We need not decide the case against Campbell and Tyrell on the ground that evidence that the car was stolen was based on improperly admitted testimony (see note 4, *supra*). Even if

---

[4]As Campbell and Tyrell argue on appeal, the only evidence introduced at trial to establish that the automobile was stolen (a requisite element of proof, see *Commonwealth* v. *Youngworth*, 55 Mass. App. Ct. at 34) was hearsay evidence improperly admitted to establish that the car from which the defendants fled was the same rental car that had been reported stolen. See discussion, *infra*.

evidence was properly admitted establishing that the car had recently been stolen, the evidence would still be insufficient to establish Campbell's and Tyrell's possession of the vehicle. Unlike *Commonwealth* v. *Johnson*, 7 Mass. App. Ct. at 193, where the defendant-passenger's possession was demonstrated by his use of a recently stolen vehicle in the commission of a crime, the evidence here showed only that Campbell and Tyrell were passengers in the car. Because the lack of sufficiency in the case of these two defendants is not brought about by a determination that evidence was improperly admitted, as to them there is to be no retrial.[5] Contrast *Commonwealth* v. *DiBenedetto*, 414 Mass. 37, 45 (1992), *S.C.*, 427 Mass. 414 (1998).

2. *Claims of Griffith.* Griffith argues that the evidence was insufficient to prove he was the driver, and, absent such proof, the Commonwealth cannot establish his possession of the Mitsubishi (see discussion concerning the passengers Campbell and Tyrell, *supra*). There was evidence that Griffith was the driver of the Mitsubishi at the time of the April 12 collision. At trial, Officer Grayson identified the three defendants as the same individuals he had seen leave the Mitsubishi. In answer to the prosecutor's question whether any one of the three was the driver, Officer Grayson testified he was not one hundred percent sure, but, "To the best of my memory, I would have to say it was the gentleman on the end with the tan shirt on," identifying Griffith. He further testified that he was able to recall Griffith as the driver because "[h]e was smaller. . . . Height-wise he was small, shorter," and (responding to a question from the trial judge) that, at the time of the accident, he had also pointed out Griffith to the arresting officers as "the one I thought was driving." He demurred when asked if it was too dark to see.

We reject Griffith's argument that Officer Grayson's identification of him was too equivocal to have satisfied a rational trier of fact of the element of his identity as the vehicle's driver beyond a reasonable doubt. See *Commonwealth* v. *Latimore*,

[5]In light of this determination, we need not address Campbell's claim that he is entitled to a new trial because the jury returned a general verdict and it is thus impossible to determine whether they found Campbell guilty as a principal, a theory as to which there was no evidentiary support. See *Commonwealth* v. *Berry*, 431 Mass. 326, 333 (2000).

378 Mass. 671, 677 (1979). Expressions of uncertainty regarding eyewitness identification, like expressions of certainty, go to the weight of the evidence and are for the jury. "Normally we . . . look to the jury to weigh the identification testimony against the evidence offered to support a defense." *Commonwealth* v. *Vaughn*, 23 Mass. App. Ct. 40, 43 (1986). "The inconclusive testimony could be weighed by a jury. See *Commonwealth* v. *Cincotta*, 379 Mass. 391, 397 (1979) ('[I]t was for the jury to decide how much weight to attach to these identifications, as well as to the others, when they were admitted at trial')." *Commonwealth* v. *Walker*, 14 Mass. App. Ct. 544, 550 n.3 (1982). See *Commonwealth* v. *Clary*, 388 Mass. 583, 589 (1983), and cases cited. Cf. *Commonwealth* v. *Santoli*, 424 Mass. 837, 845 (1997) (holding that standard jury instruction that jury may take into account strength of identification should be omitted, while nevertheless recognizing merits of such instruction "in so far as it deals with the testimony of a witness who expressed doubt about the accuracy of [his] identification").

Even though the evidence is sufficient to support a finding that Griffith was the driver, this evidence, standing alone, cannot support an inference beyond a reasonable doubt that Griffith knew or believed that the Mitsubishi was stolen. *Commonwealth* v. *Hunt*, 50 Mass. App. Ct. 565, 569 (2000). Cf. *Commonwealth* v. *Boone*, 356 Mass. 85, 87 (1969). There was no evidence regarding the condition of the Mitsubishi from which it could be inferred that an occupant of the vehicle would have reason to know it had been stolen. There was, for example, no evidence that the car keys to the Mitsubishi bore the indicia of ownership of someone other than the driver, see *Commonwealth* v. *Woody*, 429 Mass. 95, 100 (1999); that the vehicle had recently been repainted, contrast *Commonwealth* v. *Kirkpatrick*, 26 Mass. App. Ct. 595, 596 (1988); that the steering column had suffered visible damage, contrast *Commonwealth* v. *Youngworth*, 55 Mass. App. Ct. at 35; or that the vehicle identification number had been defaced or destroyed, contrast *Commonwealth* v. *Gonsalves*, 56 Mass. App. Ct. 506, 511 (2002). Nor did Griffith make the sort of false statements regarding ownership of the car or his occupancy of it that have been held to support such an

inference. *Ibid.* See *Commonwealth* v. *Hunt,* 50 Mass. App. Ct. at 569.

The Commonwealth argues that Griffith's knowledge may be inferred from the fact that he was in possession of a motor vehicle that was recently stolen. See *Commonwealth* v. *Hunt, supra* at 569 n.2 ("when a defendant possesses property 'recently' stolen, that possession alone is a sufficient basis for the jury to infer that he knows it to be stolen"). Compare *Commonwealth* v. *Smith,* 3 Mass. App. Ct. 144, 146 (1975). The Commonwealth's argument fails because it is dependent upon evidence that the Mitsubishi in Griffith's possession on April 12 was the Enterprise rental car that had been reported stolen by Dellice on April 7.[6] The sole evidence on this point — testimony that the license plate number of the stolen rental car matched that of the car being driven by Griffith five days later — was improperly admitted over the objection of each of the three defendants.[7] Without this testimony, the evidence was insufficient on one of the three elements necessary to convict, that the car Griffith drove was stolen.[8]

The Enterprise rental car's license plate number came in

---

[6]We also reject the Commonwealth's argument that knowledge that the vehicle was stolen may be inferred solely from the fact that Griffith fled the scene of the accident. See discussion, *supra.*

[7]At trial, Griffith's defense counsel made repeated objections to the introduction of that evidence (as did counsel for Tyrell and Campbell). The objections were overruled and, in support of a motion to strike, Griffith's counsel argued at sidebar against introduction of the evidence on hearsay grounds. On appeal, Griffith claims that the Commonwealth's evidence failed to establish that Griffith "knew or should have known that the vehicle was stolen," referring to his argument, made in support of his motion for a required finding of not guilty, that "the evidence was insufficient on whether or not this car was stolen." Although he does not explicitly join in the arguments of the two codefendants that evidence regarding the license plate number on the stolen rental car was erroneously admitted and without it there is insufficient evidence to establish that the Mitsubishi occupied by the defendants was stolen, see note 4, *supra,* he does argue that Dellice's testimony failed to "establish any connection between the vehicle and [Griffith]."  .

[8]We note that, had we been required to reach the issue with respect to Tyrell and Campbell, we would have reversed on the basis that there was no evidence that the car was stolen. We thus exercise our discretion and consider the issue with respect to Griffith although it was not supported by proper appellate argument. See note 7, *supra.* Cf. *Commonwealth* v. *Nelson,* 3 Mass. App. Ct. 90, 101 (1975), *S.C.,* 370 Mass. 192 (1976) (ordering new trial for defendant who failed to properly claim exception on appeal, where appellate

evidence through testimony of Dellice, who read the numbers from a copy of the Enterprise rental agreement, a document not admitted in evidence. It is not disputed that the information contained in the rental agreement regarding the license plate number was offered for its truth: that the license plate number connected to the car rented by Dellice was the same as the license plate number identified as being attached to the Mitsubishi driven by Griffith on April 12.[9] See *Commonwealth* v. *Ramirez*, 55 Mass. App. Ct. 224, 227 (2002). Unless the statement was made by Dellice, or was adopted by him following the laying of a proper foundation, the evidence was hearsay and should have been excluded.

The Commonwealth makes three arguments to support its claim that there was no reversible error: (1) Dellice's signature on the rental agreement established that he adopted the statement as his own; (2) even if hearsay, there was no prejudice to the defendant in the admission of the hearsay statement; and (3) it would be administratively inefficient to order a retrial solely to refresh Dellice's present memory.

Dellice's testimony that the document from which he was reading was a rental agreement, and his further acknowledgment that it was his signature on the document, were not sufficient to lay a foundation for the admission in evidence of the vehicle license plate number as a past recollection that was recorded on the document. "A writing may be admitted under the past recollection recorded exception to the hearsay rule if '(1) the witness has no revivable recollection of the subject, (2) the witness had firsthand knowledge of the facts recorded, (3) the witness can testify that the statement was truthful when made, and (4) the recording was made when the events were fresh in [his] memory.' *Commonwealth* v. *Nolan*, 427 Mass. 541, 543 (1998). As to the fourth element of the foundation, where the recording was made by another, it must be shown that the witness adopted the writing *'when the events were fresh in [the*

---

court determined that new trial was warranted on codefendant's appeal, and both defendants had filed motions for new trial on same ground).

[9]As stated by the Commonwealth, "Dellice's testimony about the license plate number tended to prove . . . that the Mitsubishi in which the defendants were traveling was the same Mitsubishi that Mr. Dellice had rented."

*witness's] mind*' (emphasis in original). *Commonwealth* v. *Book-man*, 386 Mass. 657, 664 (1982)." *Commonwealth* v. *Evans*, 439 Mass. 184, 189-190, cert. denied, 540 U.S. 923 and 540 U.S. 973 (2003). "[U]nder the past recollection recorded exception to the hearsay rule, it is not required that a statement be adopted as being true or more accurate at the time of trial to be admissible. What is required is that the witness 'assert that the record *correctly represented his knowledge and recollection* at the time of making.' " *Commonwealth* v. *Greene*, 9 Mass. App. Ct. 688, 690 (1980), quoting from 3 Wigmore, Evidence § 746(2) (Chadbourn rev. 1970).

To render his testimony admissible, Dellice would have had to testify that he could no longer recall the license plate number of the vehicle he had rented and there was nothing that could revive his failed memory, but that he once had firsthand knowledge of the license plate number; that the numbers on the rental agreement were recorded (by him or by an employee of Enterprise) at the time he had knowledge of the numbers; and that the numbers on the document accurately reflected the license plate number of the car he had rented. There was no such foundational testimony and the evidence on this point should not have been admitted without it.

We agree with the Commonwealth that there was proper objection to the testimony at trial and that the standard for review is whether the trial judge committed prejudicial error. *Commonwealth* v. *Daggett*, 416 Mass. 347, 352 n.5 (1993). However, we find no merit in its claim that, because the defense had an opportunity to cross-examine the declarant, the evidence was not prejudicial. The argument is inapposite as, absent testimony that Dellice had himself completed the document with the correct license plate numbers, he was not the declarant.

For its final argument, the Commonwealth suggests that it would be inefficient to reverse since, at a retrial, the Commonwealth would be able to correct its error and achieve proper admission of the license plate number by showing that Dellice's present memory needed reviving. Thereupon, the argument continues, the Commonwealth would ask Dellice to testify from his refreshed memory, rather than asking that he read from the rental agreement. The Commonwealth directs us to no relevant

authority, and we can find none, that would support the novel theory that a reviewing court may fill in foundational gaps that were left in the evidence by the prosecution, whether through carelessness or lack of preparation.

"A legal conclusion that the evidence was sufficient to warrant a finding both that the automobile . . . was the one reported stolen by [Dellice] and that the defendant either knew or believed that it was stolen property necessarily would require evidence linking the [Enterprise] car to the defendant at the time of his arrest." *Commonwealth* v. *Woody*, 429 Mass. at 100. Because the improperly admitted evidence of the rental car license plate number was the only evidence linking the stolen car to Griffith, the evidence was insufficient to establish that the car he was driving was stolen. We reverse the judgment and set aside the verdict.

Whether there should be a new trial has not been raised or briefed by the parties, but we are bound by the authority of *Commonwealth* v. *DiBenedetto*, 414 Mass. at 45, "that, even if there would be insufficient properly admitted evidence to justify a conviction after improperly admitted evidence is excluded from consideration, the double jeopardy clause would not bar retrial of the defendant," where, as here, "the Commonwealth has shown a reasonable prospect of filling the gap in its proof," *id.* at 46 n.14, if Dellice testifies at retrial and a proper foundation is laid for admission of the evidence of the license plate. Contrast *Commonwealth* v. *Funches*, 379 Mass. 283, 296-297 (1979). Therefore, unlike the case with Campbell and Tyrell, retrial of Griffith is not excluded.

*Conclusion.* As to Griffith, the judgment is reversed and the verdict is set aside. As to Campbell and Tyrell, the judgments are reversed, the verdicts set aside, and judgments are to enter for the defendants.

*So ordered.*