Commonwealth *v.* Darnell D., a juvenile.

COMMONWEALTH *vs.* DARNELL D.,[1] a juvenile.

Essex. November 7, 2005. - December 29, 2005.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, SOSMAN, & CORDY, JJ.

*Delinquent Child. Motor Vehicle,* Receiving stolen motor vehicle. *Evidence,* Juvenile delinquency. *Practice, Criminal,* Juvenile delinquency proceeding.

A Juvenile Court judge erred in denying the juvenile's motion for a required finding of not delinquent on a complaint charging him with receiving a motor vehicle, in violation of G. L. c. 266, § 28 (*a*), where there was no suggestion that the juvenile was the driver of the car in question, and the evidence was insufficient to establish that he exercised dominion and control over it. [672-674]

COMPLAINT received and sworn to in the Essex County Division of the Juvenile Court Department on September 3, 2002.

The case was heard by *Michael C. Lauranzano,* J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Jennifer H. O'Brien* for the juvenile.

*Kenneth E. Steinfield,* Assistant District Attorney, for the Commonwealth.

COWIN, J. Following a jury-waived trial, the juvenile was adjudicated delinquent on a complaint charging him with receiving a stolen motor vehicle, in violation of G. L. c. 266, § 28 (*a*). On appeal, the juvenile claims that the Juvenile Court judge erroneously denied his motion for a required finding of not delinquent. The Appeals Court affirmed in an unpublished memorandum and order pursuant to its rule 1:28, concluding that there was sufficient evidence to support the adjudication of delinquency. *Commonwealth* v. *Darnell D.,* 62 Mass. App. Ct. 1120 (2005). We granted the juvenile's application for further appellate review, limited to the challenge to the sufficiency of

[1] A pseudonym.

the evidence. We conclude that there was insufficient evidence to find beyond a reasonable doubt that the juvenile possessed the motor vehicle, and thus the judge erred in denying the juvenile's motion for a required finding of not delinquent. We therefore reverse the adjudication of delinquency.

1. *Facts.* Because the sole issue is the sufficiency of the evidence, we recite the evidence at trial in detail, viewing it in the light most favorable to the Commonwealth. While patrolling in an unmarked police vehicle, a Ford Expedition, on August 22, 2002, at approximately 3:10 A.M., Officer William Wolfe of the Lynn police department noticed a black Toyota automobile "cut[] in front of" his car at a "high rate of speed." The officer followed the car and observed that there were three young men in it and that the vehicle had an Alabama license plate. At one point, the car turned a corner and one of the males "turned around real fast" and "glanced to take a peek and see what was behind them." At this time, the officer's car was about ten yards behind the Toyota and Officer Wolfe had a "couple of seconds" to view the male who turned around. Officer Wolfe described this person as a young white male and identified him as the juvenile before the court.[2]

As the officer continued to follow the vehicle, he saw it stop to pick up a black male who "jump[ed] in the back seat." The car made three more turns, dropping off a white male passenger on one street. It stopped partway up a dead-end street. There, a male (not identified in any way at trial) got out of the car, "looked at" the officer, and began to run. Finally, the car turned into the driveway of a "three-decker" house and stopped. Seeing no one in the Toyota as it sat in the driveway, Officer Wolfe backed up his vehicle and noticed a black male running away from the driveway. The officer turned his vehicle around and searched for the black male, but did not find him.

As Officer Wolfe returned to the location where the Toyota was parked, he observed a white male walking from the area where he previously "saw the black male run from." About five

[2]The officer never testified as to the location in the car of the person who turned around and looked back. In a question to the officer, the prosecutor posited that the individual was in the front passenger seat, but the officer never adopted the prosecutor's suggestion.

minutes had elapsed from the time Officer Wolfe observed the vehicle pull into the driveway of the three-story house to the time when he saw the white male walking down the street. The officer testified that he recognized the white male as the individual in the car who had turned to look at him, although there was no mention of this identification in the officer's incident report. Officer Wolfe also stated that this person was "just walking calmly down the street," about fifty yards from where the Toyota was parked, and he was neither out of breath nor sweating. When asked where he was coming from, the individual responded that he was coming from his aunt's house. The officer did not ask where the aunt lived.

The police learned that the black Toyota in the above incident was reported as having been stolen from a parking lot in Beverly sometime between 8 P.M. on August 21, 2002, and 5 A.M. on August 22, 2002. The juvenile whom Officer Wolfe encountered on the street and recognized as a passenger in the Toyota was charged with possession of a stolen motor vehicle. There is no suggestion in the record that the juvenile was the driver of the car.

2. *Sufficiency of the evidence.* The juvenile contends that the judge should have allowed his motion for a required finding of not delinquent because the Commonwealth did not present sufficient evidence to support each element of the offense of receiving a stolen motor vehicle. On review of the juvenile's motion for a required finding, we determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" (emphasis in original). *Commonwealth* v. *Latimore*, 378 Mass. 671, 677 (1979), quoting *Jackson* v. *Virginia*, 443 U.S. 307, 318-319 (1979). "[I]t is not enough for the appellate court to find that there was some record evidence, however slight, to support each essential element of the offense." *Commonwealth* v. *Latimore*, *supra*. "Nor may a conviction rest upon the piling of inference upon inference or conjecture and speculation." *Commonwealth* v. *Armand*, 411 Mass. 167, 170 (1991), quoting *Commonwealth* v. *Ferguson*, 384 Mass. 13, 18 (1981).

To sustain a conviction for receiving a stolen motor vehicle,

the Commonwealth is required to prove that the juvenile (1) had possession of the motor vehicle; (2) knew or had reason to know that the motor vehicle was stolen; and (3) intended to deprive the owner of rightful use of the vehicle. See *Commonwealth* v. *McArthur*, 55 Mass. App. Ct. 596, 598 (2002); *Commonwealth* v. *Garcia*, 46 Mass. App. Ct. 466, 468-469 (1999). A person's presence in a vehicle as a passenger, without more, is insufficient to prove that he possessed the vehicle. See *Commonwealth* v. *Campbell*, 60 Mass. App. Ct. 215, 217 (2003), citing *Commonwealth* v. *Johnson*, 7 Mass. App. Ct. 191, 193 (1979). To establish possession, the prosecution must show that the defendant exercised "dominion and control" over the automobile. *Commonwealth* v. *McArthur, supra.* See *Commonwealth* v. *Gonsalves*, 56 Mass. App. Ct. 506, 511 (2002) ("requisite control").

In this case, there is no suggestion that the juvenile was the driver of the car. Indeed, it is unclear where exactly in the car he was seated. Even if we assume, as the Commonwealth suggests, that he was seated in the front passenger seat, the evidence is insufficient to establish that he exercised dominion and control over the automobile. The Commonwealth argues that the fact that the Toyota made a number of turns after the juvenile turned and saw the police indicates that the juvenile "controlled" the automobile. As an initial matter, it is not clear from the record that the juvenile would have been aware that the unmarked Ford Expedition following the Toyota was a police vehicle, and there was no testimony as to whether the officer was in uniform. Even if the juvenile recognized the car as a police vehicle, it would appear from the evidence that the Toyota's route was designed to pick up and drop off passengers. Even if this were not so, there is nothing in the record to support an inference that the juvenile was providing directions to the driver.

The Commonwealth also contends that because the juvenile told Officer Wolfe that he was coming from his aunt's house, the reasonable inference is that he was directing the driver toward that location. Such an inference is entirely without basis. See *Commonwealth* v. *Swafford*, 441 Mass. 329, 340-

342 (2004); *Commonwealth* v. *Ferguson, supra* at 17-19.

The Commonwealth maintains that the juvenile exhibited consciousness of guilt by evading the police, abandoning the car as the police approached, and lying about his whereabouts. Apart from the question whether there was any evidence that would have permitted the judge to find that the juvenile did any of these things, a conviction may not be based on consciousness of guilt alone. See *Commonwealth* v. *Mazza*, 399 Mass. 395, 397-398, 400 (1987); *Commonwealth* v. *Prentice P.*, 57 Mass. App. Ct. 766, 769 (2003).

In short, there was insufficient evidence to prove beyond a reasonable doubt that the juvenile possessed the stolen automobile. He was entitled to a required finding of not delinquent on the charge of receiving a stolen motor vehicle.

3. *Conclusion.* The adjudication of delinquency is reversed. The complaint shall be dismissed.

*So ordered.*