## Commonwealth *vs.* Luis D. Aponte.

No. 06-P-1838.

Hampden. January 18, 2008. - May 22, 2008.

Present: Cypher, Brown, & Graham, JJ.

*Motor Vehicle,* Receiving stolen motor vehicle.

At the trial of a criminal complaint charging the defendant with receiving a stolen motor vehicle, in violation of G. L. c. 266, § 28(*a*), the evidence was sufficient to prove that the vehicle in question was a "motor vehicle" within the meaning of the statute, rather than a motorized bicycle, where there was testimony that the vehicle had a maximum speed that exceeded the allowable maximum speed for a motorized bicycle [759-762]; further, there was sufficient circumstantial evidence to warrant a finding that the defendant knew that the vehicle had been stolen, namely, the altered condition of the vehicle, particularly the fact that the vehicle had been partly repainted and the ignition switch was missing [762-763].

At the trial of a criminal complaint charging the defendant with receiving a stolen motor vehicle, in violation of G. L. c. 266, § 28(*a*), the judge did not improperly shift the burden of proof to the defendant to demonstrate that the vehicle was not a motor vehicle within the meaning of the statute. [763-764]

Complaint received and sworn to in the Holyoke Division of the District Court Department on June 15, 2005.

The case was heard by *Rita Scales Koenigs*, J.

*Sarah E. Dolven* for the defendant.

*Sidney E. Reavey*, Assistant District Attorney, for the Commonwealth.

Cypher, J. After a jury-waived trial in the District Court, the defendant, Luis D. Aponte, was convicted of receiving a stolen motor vehicle. G. L. c. 266, § 28(*a*). The defendant appeals, arguing (1) that the Commonwealth's evidence was insufficient to prove that the Honda Elite 44 (the vehicle) was a "motor vehicle" under G. L. c. 266, § 28(*a*); (2) that the Commonwealth's evidence was insufficient to warrant a finding that the defendant knew that the motor vehicle had been stolen; and

(3) that the trial judge improperly shifted the burden of proof to the defendant to prove that the vehicle was not a motor vehicle under G. L. c. 266, § 28(*a*). We affirm.

*Background.* The trial judge, sitting as fact finder, could have found the following facts. On June 10, 2005, Pablo Terron reported that his vehicle had been stolen.[1] After his vehicle had been stolen, Terron observed someone other than the defendant riding it outside his neighborhood.[2] On June 14, 2005, Holyoke police Officer Henry J. Wielgosz, Jr., responded to a report of a stolen vehicle. Officer Wielgosz met Terron and accompanied him to Elting Circle where Terron reported his vehicle had been located. Upon arrival, Officer Wielgosz and Terron observed the defendant seated on a Honda Elite 44, wearing a helmet.

Officer Wielgosz approached the defendant, asked the defendant to come with him, and placed the defendant in his cruiser. Officer Wielgosz then continued to investigate the ownership of the Honda Elite 44. Terron produced a bill of sale for the vehicle. The identification numbers on the bill of sale matched those on the recovered vehicle. At the time that it was recovered, part of the vehicle had been painted yellow and part had been painted with grey primer. The ignition key was missing, and in its place were two bare wires.

Terron testified that he had been fixing the vehicle when it was stolen, and that it had "lots of things wrong with it." According to Terron, before the vehicle was stolen, part of it had been painted red, and part had been painted with grey primer. Terron further testified that the vehicle was "[l]ike a small motorcycle," that it had a forty-nine cubic centimeter motor, and that it "d[id]n't go any faster than thirty-five miles an hour." The vehicle was given to Terron; he estimated its value at $1,000.

*Discussion.* 1. *Definition of "motor vehicle."* The defendant argues that the Commonwealth's evidence was insufficient to prove that the vehicle was a motor vehicle and that the trial

[1]The vehicle, a Honda Elite 44, was described at trial as a "scooter," "small motorcycle," "motorized bicycle," "bike," and "motorbike." The main issue on appeal concerns whether this vehicle fits into the definition of a "motor vehicle" or, instead, a "motorized bicycle." Consequently, we recognize that the arbitrary names used by the witnesses have no impact on the legal definitions.

[2]Terron was not able to identify the person he witnessed riding the vehicle.

judge erred in not allowing the defendant's motion for a required finding of not guilty after the Commonwealth rested. In examining this question, we recite a familiar standard: we must determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Commonwealth* v. *Latimore*, 378 Mass. 671, 677 (1979), quoting from *Jackson* v. *Virginia*, 443 U.S. 307, 318-319 (1979). "[I]t is not enough . . . to find that there was some record evidence, however slight, to support each essential element of the offense; [the judge] must find that there was enough evidence that could have satisfied a rational trier of fact of each such element beyond a reasonable doubt." *Commonwealth* v. *Latimore*, *supra* at 677-678. "[T]he evidence and the inferences permitted to be drawn therefrom must be 'of sufficient force to bring minds of ordinary intelligence and sagacity to the persuasion of [guilt] beyond a reasonable doubt.' " *Id.* at 677, quoting from *Commonwealth* v. *Cooper*, 264 Mass. 368, 373 (1928). "Inferences drawn from circumstantial evidence 'need not be inescapable or necessary, so long as they are reasonable, possible and not unwarranted because too remote.' " *Commonwealth* v. *Cullen*, 395 Mass. 225, 230 (1985), quoting from *Commonwealth* v. *Walter*, 10 Mass. App. Ct. 255, 257 (1980). A case may stand entirely upon circumstantial evidence, "as long as 'no essential element of the crime . . . rest[s] on surmise, conjecture, or guesswork.' " *Commonwealth* v. *Donovan*, 395 Mass. 20, 25 (1985), quoting from *Commonwealth* v. *Walter*, *supra*.

The crime of possession of a stolen motor vehicle under G. L. c. 266, § 28(*a*), requires proof that (1) the motor vehicle is stolen; (2) the defendant possessed the motor vehicle; and (3) the defendant knew that the motor vehicle was stolen. *Commonwealth* v. *Campbell*, 60 Mass. App. Ct. 215, 217 (2003). As a threshold matter, however, the vehicle in question must be a motor vehicle. General Laws c. 90, § 1, as appearing in St. 1984, c. 77, § 2, in defining motor vehicles, states that "[t]he definition of 'Motor vehicles' shall not include motorized bicycles." The same section defines a "[m]otorized bicycle" as follows: "a pedal bicycle which has a helper motor, or a non-

pedal bicycle which has a motor, with a cylinder capacity not exceeding fifty cubic centimeters, an automatic transmission, and which is capable of a maximum speed of no more than thirty miles per hour." G. L. c. 90, § 1, as amended through St. 1991, c. 138, § 388. The statute further defines a "[m]otorcycle" as "any motor vehicle having a seat or saddle for the use of the rider and designed to travel on not more than three wheels in contact with the ground." G. L. c. 90, § 1, as appearing in St. 1984, c. 115, § 1.[3]

The defendant argues that the evidence adduced at trial was insufficient to establish that the vehicle was a motor vehicle rather than a motorized bicycle. The defendant argues that because the evidence at trial did not warrant a finding that the motor had a cylinder capacity exceeding fifty cubic centimeters or that the vehicle had an automatic transmission, there was insufficient evidence to find that the vehicle was a motor vehicle. This conclusion assumes that the judge's findings that the vehicle had a motor and was capable of traveling over thirty miles per hour are not, by themselves, sufficient to warrant a conclusion that the vehicle is a motor vehicle. We disagree with the defendant's interpretation.

The statutory definition of a "motorized bicycle" contains the provision "and which is capable of a maximum speed of no more than thirty miles per hour." It is axiomatic that the word "and" is not synonymous with the word "or"; the word "or" is disjunctive, while the word "and" is conjunctive. "The word 'or' is given a disjunctive meaning unless the context and the main purpose of all the words demand otherwise." *Commonwealth* v. *Davie*, 46 Mass. App. Ct. 25, 27 (1998), quoting from *Eastern Mass. St. Ry.* v. *Massachusetts Bay Transp. Authy.*, 350 Mass. 340, 343 (1966). It follows that if the evidence is sufficient to demonstrate that the vehicle has a maximum speed greater than thirty miles per hour, the vehicle is not considered a motorized bicycle, but rather a motor vehicle.

---

[3]On the basis of *Commonwealth* v. *Gonsalves*, 56 Mass. App. Ct. 506, 509 & n.3 (2002), the argument could be made that the definitions in G. L. c. 90, § 1, have no application to G. L. c. 266, § 28(*a*). As neither party has urged this position and as the trial judge employed the definition of "motorized bicycle" contained in G. L. c. 90, § 1, we apply the definition for "motorized bicycle" set forth in that section as an exception to the term "motor vehicle" in G. L. c. 266, § 28(*a*).

The descriptive testimony given at trial was sufficient to place the vehicle within the category of a motor vehicle. Terron testified that the vehicle was a "small motorcycle [that] doesn't go any faster than thirty-five miles an hour." The trial judge noted that "[t]he only testimony about its capability for speed was thirty-five miles an hour . . . so I'm going to determine that it was a motor vehicle."

After examining the evidence in the light most favorable to the Commonwealth, we conclude that there was sufficient evidence that could have satisfied a rational trier of fact beyond a reasonable doubt that the vehicle was a motor vehicle. The trial judge credited Terron's testimony that the vehicle had a maximum speed of thirty-five miles per hour, and that maximum speed exceeded the allowable maximum speed for a motorized bicycle. This evidence supported the judge's determination that the vehicle was a motor vehicle, not a motorized bicycle.

2. *Sufficiency of evidence of knowledge.* The defense argues that the Commonwealth's evidence was insufficient to warrant a finding that the defendant knew that the vehicle had been stolen, one of the elements of possession of a stolen motor vehicle under G. L. c. 266, § 28. *Commonwealth* v. *Campbell*, 60 Mass. App. Ct. at 217. Because the defendant challenges the trial judge's decision to deny the defendant's motion for a required finding of not guilty after the Commonwealth rested on the basis of lack of proof of knowledge, we again apply the familiar *Latimore* standard.

Although there was no direct evidence that the defendant knew the vehicle was stolen, there was sufficient circumstantial evidence, viewed in the light most favorable to the Commonwealth, to warrant an inference that the defendant knew that the vehicle was stolen. There is no need to prove actual knowledge; it may be inferred from the circumstances. *Commonwealth* v. *Dellamano*, 393 Mass. 132, 136 (1984). *Commonwealth* v. *Youngworth*, 55 Mass. App. Ct. 30, 35 (2002), cert. denied, 538 U.S. 1064 (2003).

Here, there was circumstantial evidence that could have satisfied a rational trier of fact beyond a reasonable doubt that the defendant knew that the vehicle was stolen. If the defendant's possession of property occurs "in a context fraught with suspi-

cion," a fact finder may draw an inference that the defendant knew he was holding stolen goods. *Commonwealth* v. *Kirkpatrick*, 26 Mass. App. Ct. 595, 602 (1988). The altered condition of the vehicle, particularly the fact that the vehicle had been partly repainted and the ignition switch was missing, thus requiring the operator to "hot wire" the vehicle to start it, provided sufficient circumstantial evidence that could have satisfied a rational trier of fact, beyond a reasonable doubt, that the defendant knew that the vehicle was stolen. Contrast *Commonwealth* v. *Woody*, 429 Mass. 95, 99-100 (1999) (insufficient evidence to demonstrate knowledge where defendant had keys to car, ignition was still intact, there was no evidence that rental company's tag was still on key ring, and there was no evidence that rental company's bar code was on vehicle).

The defendant argues that because the trial judge made no explicit finding that the defendant knew the vehicle was stolen, he could not be found guilty of possession of a stolen motor vehicle. While it is true that the trial judge made no explicit finding that the defendant knew that the vehicle was stolen, this does not undermine the sufficiency of the evidence. We presume that a trial judge has properly instructed herself as to the elements of the crime, see *Commonwealth* v. *Colon*, 33 Mass. App. Ct. 304, 308 (1992), and as discussed, there was ample circumstantial evidence from which a rational trier of fact could have found the defendant to have had knowledge that the vehicle was stolen.

3. *Burden of proof.* The defendant argues that the trial judge improperly shifted the burden of proof to the defendant to prove that the vehicle was not a motor vehicle under G. L. c. 266, § 28(*a*). In making this argument, the defendant claims that the trial judge made her ruling not on the basis of the evidence presented by the Commonwealth, but on the basis of evidence not presented, resulting in an improper shift of the burden of proof onto the defendant. We disagree.

After the defense moved for a finding of not guilty, the judge took a few moments to think out loud as she decided whether or not to allow the motion. The judge said:

"Getting to the issue of motorized bicycle, I'm also look-

ing at Chapter 90, Section 1 . . . . One of the exceptions is motorized bicycle, and to get it out of motor vehicles and get it into that exception it has to be a pedal bicycle, no evidence of that, or a non-pedal bicycle which has a motor with a cylinder capacity not exceeding 50 cubic centimeters, we've got that; an automatic transmission, I don't know what kind of transmission it had. I don't know whether it was automatic or other, and which is capable of a maximum speed of no more than thirty miles an hour. There was no limit to the maximum speed of thirty miles an hour that was testified to. The only testimony about its capability for speed was thirty-five miles an hour. So because I don't have any evidence about the transmission I can't determine that it comes out of the motor vehicle's definition and goes into the motorized bicycle definition."

These comments are not indicative of an impermissible shifting of the burden of proof. The trial judge was merely thinking aloud as she went through the elements that the vehicle had to meet in order to be an exception from the definition of motor vehicle. There was ample evidence to lead a rational finder of fact to conclude that the vehicle was a motor vehicle; furthermore, there is no indication that the trial judge was unaware that the burden of proof was on the Commonwealth to prove that the vehicle was in fact a motor vehicle, and we presume that the trial judge properly instructed herself on this issue.

The trial judge did not base her finding that the vehicle was a motor vehicle on a lack of evidence regarding the transmission and maximum speed of the vehicle, as the defense suggests; rather, the judge's finding is based on Terron's testimony that the vehicle "doesn't go any faster than thirty-five miles an hour" and a reasonable inference therefrom that the maximum speed was greater than thirty miles per hour. The judge's failure to make a finding with respect to the type of transmission on the Honda Elite is irrelevant in light of her finding that the maximum speed of the Honda Elite was greater than thirty miles per hour. This inference is reasonable and does not rest on surmise, conjecture, or guesswork. *Commonwealth* v. *Donovan*, 395 Mass. at 25.

*Judgment affirmed.*