The defendant was arrested when he was sitting in the passenger seat of a stolen car. He was charged with receiving a stolen motor vehicle, subsequent offense, and receiving stolen property over $250 with respect to certain items found in the car. The defendant filed a motion to suppress the statements he made to a police officer after the arrest. That motion was allowed by a Boston Municipal Court judge. On the Commonwealth's interlocutory appeal, we affirm.
Background. The following facts were elicited at a hearing on the motion to suppress.[2] On September 9, 2016, a police officer was patrolling the Mattapan section of Boston in his unmarked vehicle. On one of the streets, he noticed the defendant leaning against a car while speaking on a cellular telephone. After the officer checked the vehicle's license plate number against a database, he learned that the vehicle had been stolen, and he contacted a police dispatcher to confirm that. As the officer was waiting for the dispatcher's response, he saw the defendant open the front door of the car on the passenger side, toss something inside the vehicle, and then resume leaning against the vehicle.[3] After observing the defendant enter the vehicle and sit in its front passenger seat, the officer told back-up patrol units to "move in" on the defendant, which they did.
Three uniformed patrol unit officers then removed the defendant from the car and placed him in handcuffs. Shortly after, the first officer approached and attempted to administer Miranda warnings. However, as the officer was giving the warnings, the defendant volunteered that he knew that the car had been stolen but that he had not stolen it. After the officer succeeded in completing the Miranda warnings, the defendant repeated his statements. In response to the officer's inquiry whether he would find the defendant's fingerprints on the vehicle's steering wheel, the defendant added that he had started the car in order to charge his telephone and turn on the air conditioner. The defendant also stated that a cellular telephone and a "tablet" device found in the car were his but might have been stolen because he bought them "on the street."
Arguing that the police lacked probable cause to arrest him and search the vehicle, the defendant moved to suppress the statements he made to police following those events. The judge allowed the motion and the Commonwealth appealed.
Discussion. As noted, the judge fully credited the testimony of the Commonwealth's sole witness, and there is no dispute as to the subsidiary facts. We "conduct an independent review of [the motion judge's] ultimate findings and conclusions of law." Commonwealth v. Jimenez, 438 Mass. 213, 218 (2002).
We begin our review by examining the grounds on which the judge relied in allowing the defendant's motion. The judge stated that he was allowing it "due to the fact that the [patrol unit] officers seized and arrested the [d]efendant prior to [the first officer's] administering of the Miranda rights" (emphasis supplied). To the extent the judge meant the latter part of the statement to be taken literally, his referenced ground finds no support in the case law, as both parties acknowledge. Indeed, while there is no prohibition on giving Miranda warnings before a defendant is arrested, they are typically given after arrest.
At the same time, the judge's statement may simply have been a slip of the tongue, as the Commonwealth acknowledged at oral argument. It may well be that the actual reason the judge allowed the motion was the one argued by the defendant, namely that his arrest was unsupported by probable cause and that the statements he made must be suppressed as the fruit of the poisonous tree. See Commonwealth v. Lunden, 87 Mass. App. Ct. 823, 826 (2015), and cases cited. In either event, because we can affirm the judge's order on any grounds supported by the record and findings, see Commonwealth v. Va Meng Joe, 425 Mass. 99, 102 (1997), we turn to whether the seizure of the defendant was lawful.
The Commonwealth correctly does not dispute that in the circumstances the patrol unit officers effected an arrest of the defendant, which required probable cause in order to be lawful.[4] See Commonwealth v. Landry, 438 Mass. 206, 210 (2002). "[P]robable cause exists where, at the moment of arrest, the facts and circumstances within the knowledge of the police are enough to warrant a prudent person in believing that the individual arrested has committed or was committing an offense." Commonwealth v. Storey, 378 Mass. 312, 321 (1979), cert. denied, 446 U.S. 955 (1980). Here, it is uncontested that the defendant was arrested because he was believed to have committed the crime of receiving a stolen motor vehicle. See G. L. c. 266, § 28(a ). That offense requires proof of the following elements: "(1) the motor vehicle is stolen; (2) the defendant possessed the motor vehicle; and (3) the defendant knew that the motor vehicle was stolen." Commonwealth v. Aponte, 71 Mass. App. Ct. 758, 760 (2008) (quotation omitted). For the patrol officers to have probable cause to arrest the defendant, it must have been reasonable to believe, based on the facts and circumstances known to them and the first officer before the arrest, that these elements were satisfied.
As is uncontested, the police plainly had a solid basis for believing that the vehicle was stolen. Whether the police had a sufficient basis to believe that the defendant "possessed" the vehicle lies in at least some doubt. For purposes of G. L. c. 266, § 28(a ), we have interpreted possession as "the exercise of dominion and control over the motor vehicle." Commonwealth v. McArthur, 55 Mass. App. Ct. 596, 598 (2002). The Commonwealth's strongest evidence to support a belief that the defendant had exercised dominion and control over the vehicle is the fact that-in the absence of anyone else-he had taken various actions that could be viewed as "proprietary" (leaning on the car, opening its door, putting something into the car, and occupying a passenger seat). Although this evidence was marginal, we assume arguendo that it was sufficient to establish a reasonable basis for the police to believe that the defendant possessed the car.
With respect to knowledge that the vehicle has been stolen, we have long held, in the context of analyzing the sufficiency of evidence at trial, that possession alone is not enough to establish knowledge. See Commonwealth v. Johnson, 7 Mass. App. Ct. 191, 193 (1979) ("The defendant's presence as a passenger in the stolen car did not alone satisfy the statutory requirement of knowing possession of the vehicle ... , but his presence supplemented by other incriminating evidence justified submission of the issue to the jury"). See also Commonwealth v. Namey, 67 Mass. App. Ct. 94, 98-99 (2006) (jury could find that "the defendant possessed sufficient knowledge that the car in which he was seated was, in fact, stolen," where the car's ignition had been "popped" and the door lock on the front passenger side was absent or damaged).
On the record before us, the Commonwealth is unable to point to any evidence that the police had prior to the defendant's arrest that could support a reasonable belief that he was aware that the car had been stolen. Acknowledging that, the Commonwealth asks us to adopt a rule that-for purposes of assessing probable cause-police can infer a defendant's knowledge that a vehicle was stolen from his mere possession of it.[5] Without foreclosing a possibility of drawing such an inference where there is robust proof that a defendant possessed a stolen vehicle, we decline to adopt that approach in this case, where proof of possession was marginal at best.
In sum, because the Commonwealth did not demonstrate that the police had probable cause to arrest the defendant, the statements he made subsequent to his arrest must be suppressed.[6]
Order allowing motion to suppress statements affirmed.

The motion judge made no written findings of fact, but he credited "in full" the testimony of the police officer who was the sole witness at the motion hearing.

The officer testified that the car was not running at that time.

The Commonwealth presented no evidence at the suppression hearing indicating that the detention and handcuffing of the defendant was justified on a lesser basis than probable cause, such as being within the scope of a lawful investigatory stop or reasonably necessary to ensure officer or public safety. See, e.g., Commonwealth v. Williams, 422 Mass. 111, 118-119 (1996).

There is no evidence in the record as to when the vehicle was stolen. Compare Commonwealth v. Hunt, 50 Mass. App. Ct. 565, 569 n.2 (2000) ("[W]hen a defendant possesses property 'recently' stolen, that possession alone is a sufficient basis for the jury to infer that he knows it to be stolen").

The Commonwealth has not argued that if the arrest was unlawful, the evidence at issue was not the fruit of the poisonous tree. In any event, we note that giving Miranda warnings to the defendant did not purge the taint of his illegal arrest, as administering Miranda warnings alone is insufficient attenuation when statements are made by a defendant following his or her unlawful arrest. See Commonwealth v. Damiano, 444 Mass. 444, 456 (2005).