Following a jury-waived trial in the District Court, the defendant was convicted of larceny not exceeding $250, G. L. c. 266, § 30 (1).[2] His principal claim on appeal is that the evidence was insufficient to prove the elements of larceny beyond a reasonable doubt. He also argues that the judge improperly relied on excluded evidence. We affirm.
Background. We summarize the facts the judge could have found, viewing the evidence in the light most favorable to the Commonwealth. See Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979). On August 9, 2013, the defendant, the victim, and their friends Brianna and Brandon were driving to Brandon's house to "hang out." After stopping at a shopping mall, the defendant announced that he was having trouble with his cellular telephone (cell phone) and needed to make a call. He asked the victim for her cell phone and she complied. The defendant and Brianna then left the victim sitting in the car, walked toward the mall, and "kind of ran inside" while the defendant appeared to be talking on the phone. They returned twenty minutes later without the cell phone. The defendant explained that he had let an acquaintance from Woburn use the phone. When they were unable to find the acquaintance or the cell phone, the victim accused the defendant of stealing her cell phone and called another friend to come pick her up.
The victim reported the suspected theft to the Woburn police the following day. Subsequent investigation led Officer Chisolm to a "cash-for-phones" kiosk at the mall, and ultimately to interviews with Brianna and the defendant. The defendant offered several different explanations for what happened to the cell phone, but, when confronted with documentary information from the cash-for-phones kiosk, he changed his story and stated that Brianna had stolen the victim's cell phone. At Officer Chisolm's request, the cash-for-phones kiosk mailed a cell phone to the Woburn police and it was ultimately given to the victim, who testified that she recognized it as hers by its model, color, and new condition.
Discussion. "A conviction of larceny under G. L. c. 266, § 30 (1), requires the Commonwealth to prove beyond a reasonable doubt an unlawful taking and carrying away of the property of another with the specific intent to deprive the person of the property permanently" (footnote omitted). Commonwealth v. St. Hilaire, 470 Mass. 338, 343 (2015). The defendant claims that the evidence was not sufficient to prove beyond a reasonable doubt that he formed the specific intent to permanently deprive the victim of her cell phone. When reviewing the sufficiency of the evidence, "we ask whether, viewing the evidence in a light most favorable to the Commonwealth, 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " Commonwealth v. Cohen (No. 1), 456 Mass. 94, 120 (2010), quoting Commonwealth v. Latimore, supra at 677.
It is well settled that a person's intent "is a matter of fact, which may not be susceptible of proof by direct evidence." Commonwealth v. Holiday, 349 Mass. 126, 128 (1965). "In that event resort must be had, and frequently is had, to proof by inference from all the facts and circumstances developed at the trial." Id. Here, there was undisputed evidence that the defendant took the victim's cell phone, appeared to make a call, ran into the mall, and did not return for twenty minutes. When the victim asked that her phone be returned, the defendant stated that he had given it to an acquaintance whom he neither named nor could locate. Ultimately, he changed that story, stating that Brianna, who had accompanied him into the mall, had stolen the phone. The judge could have reasonably concluded that the defendant's shifting explanations were false and that such false statements were evidence of consciousness of guilt. Commonwealth v. Carrion, 407 Mass. 263, 276 (1990) ("False statements made to the police are a standard example of admissible evidence on consciousness of guilt"). Taking the evidence together and viewing it in the light most favorable to the Commonwealth, the judge could reasonably have inferred that the defendant's request to borrow the cell phone was a ruse, and that he had no intention of returning the phone to the victim.[3]
The defendant's claim that the judge improperly relied on excluded evidence is also unavailing. The judge carefully considered the defendant's objections at trial and prohibited evidence that she considered speculative, hearsay, or lacking in foundation. In particular, the judge sustained the defendant's objection to business records of the cash-for-phones kiosk, including photographs, because no Commonwealth witness was able to lay a proper foundation for the business records exception. According to the defendant, the judge "improperly considered and relied on at least some of that excluded evidence to reach a [guilty finding]." We disagree.
First, we presume that the judge was aware that her finding could be based only on evidence admitted at trial and that she properly instructed herself on that point. See Commonwealth v. Aponte, 71 Mass. App. Ct. 758, 763 (2008). Second, we see nothing in the judge's comments to indicate that she relied on stricken evidence. The judge's statement that "it's not an inevitable inference, but they went in together, they were together, he took the phone on some ruse ... allegedly for a phone call, and he stole it, period," was an articulation of a permissible inference drawn from the evidence admitted at trial. For the reasons set forth above, that inference was not unreasonable.
Judgment affirmed.

The judge allowed the defendant's motion for a required finding of not guilty as to so much of the complaint as alleged larceny over $250.

We also reject the defendant's argument that the evidence left it to speculation what in fact happened to the victim's phone. To the contrary, the totality of the evidence supported the reasonable inference that the phone was traded away to the mall kiosk. "Inferences from the evidence 'need only be reasonable and possible; [they] need not be necessary or inescapable.' " Commonwealth v. Stewart, 450 Mass. 25, 32 (2007), quoting Commonwealth v. Lodge, 431 Mass. 461, 465 (2000).