NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-12574

COMMONWEALTH  vs.  MAURICE R. PRIDGETT.


Suffolk.     November 8, 2018. - February 12, 2019.

Present:  Gants, C.J., Gaziano, Lowy, Budd, Cypher, & Kafker, JJ.


Receiving Stolen Goods.  Motor Vehicle, Receiving stolen motor
    vehicle.  Practice, Criminal, Motion to suppress.  Probable
    Cause.


Complaint received and sworn to in the Dorchester Division of the Boston Municipal Court Department on September 9, 2016.

A pretrial motion to suppress evidence was heard by Thomas S. Kaplanes, J.

An application for leave to prosecute an interlocutory appeal was allowed by Lowy, J., in the Supreme Judicial Court for the county of Suffolk, and the appeal was reported by him to the Appeals Court.  After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.


Julianne Campbell, Assistant District Attorney, for the Commonwealth.
William M. Driscoll for the defendant.


BUDD, J.  The defendant, Maurice R. Pridgett, was arrested

while sitting alone in the passenger seat of a motor vehicle that had been reported stolen.  He was charged with receiving a stolen motor vehicle, subsequent offense, in violation of G. L. c. 266, § 28 (a), and receiving stolen property over $250, in violation of G. L. c. 266, § 60, in connection with items found in the motor vehicle.  He filed a motion to suppress his postarrest statements, contending that the police lacked probable cause to arrest.

A judge in the Boston Municipal Court Department allowed the defendant's motion following an evidentiary hearing, and the Commonwealth filed an interlocutory appeal.  The Appeals Court affirmed in an unpublished memorandum and order pursuant to its rule 1:28.  Commonwealth v. Pridgett, 93 Mass. App. Ct. 1105 (2018).  We granted the Commonwealth's application for further appellate review, and we conclude, as did the Appeals Court, that there was insufficient evidence to establish probable cause that the defendant knew the vehicle was stolen, a requisite element of the crime of receiving a stolen motor vehicle.  G. L. c. 266, § 28 (a).[1]  We therefore affirm the order of the motion

---

[1] General Laws c. 266, § 28 (a), states in pertinent part: "Whoever . . . receives, possesses, . . . or obtains control of a motor vehicle . . . , knowing . . . the same to have been stolen, . . . shall be punished . . . ."

judge allowing the defendant's motion to suppress.[2]

1. Background. The following facts are derived from the testimony of the police officer who made the observations of the defendant prior to his arrest; the testimony of the officer, who was the sole witness at the suppression hearing, was fully credited by the motion judge.

While working undercover, the officer observed the defendant, who was leaning on a motor vehicle, talking on a cellular telephone (cell phone) and looking around. Upon investigating the vehicle's license plate, the officer learned that the vehicle had been reported stolen. The officer further observed the defendant open the vehicle's front passenger's side door to toss something into the vehicle. The defendant then shut the door and resumed leaning on the vehicle. After a period of time, the officer observed the defendant open the front passenger's side door and sit in the front passenger's seat. At that point the officer radioed to uniformed police

---

[2] The motion judge allowed the motion because he found that "the officers seized and arrested the [d]efendant prior to [one officer's] administration of the Miranda rights." We have never held that Miranda warnings must be administered prior to the seizure or arrest of a suspect. However, we may affirm the allowance of the motion on any lawful ground provided in the record. See Commonwealth v. Va Meng Joe, 425 Mass. 99, 102 (1997) ("An appellate court is free to affirm a ruling on grounds different from those relied on by the motion judge if the correct or preferred basis for affirmance is supported by the record and the findings").

officers, directing them to "move in." The uniformed officers removed the defendant from the vehicle and handcuffed him.

After he was read Miranda warnings, the defendant made incriminating statements including that he knew the motor vehicle was stolen, and that items recovered from the motor vehicle during an inventory search[3] may have been stolen. The defendant filed a motion to suppress his postarrest statements on the basis that the officers lacked probable cause to arrest him. The motion was allowed.

2. Discussion. In reviewing a decision on a motion to suppress, we accept the judge's findings of fact absent clear error and "make an independent determination of the correctness of the judge's application of constitutional principles to the facts as found." Commonwealth v. Tremblay, 460 Mass. 199, 205 (2011). Probable cause to arrest exists when, "at the moment of arrest, the facts and circumstances within the knowledge of the police are enough to warrant a prudent person in believing that the individual arrested has committed or was committing an offense." Commonwealth v. Storey, 378 Mass. 312, 321 (1979), cert. denied, 446 U.S. 955 (1980). Here, at the moment of the defendant's arrest, police must have had probable cause to believe that (1) the motor vehicle was stolen, (2) the defendant

_____

[3] Officers recovered a cell phone and a computer "tablet" device from the motor vehicle.

possessed the motor vehicle, and (3) the defendant knew or had reason to know the vehicle was stolen. G. L. c. 268, § 28 (a). See Commonwealth v. Ramos, 470 Mass. 740, 750 (2015).

The Commonwealth contends that there was sufficient evidence prior to the defendant's arrest that provided the police with a reasonable belief that all three elements of the crime were satisfied.[4] For his part, the defendant concedes that the officer had probable cause to believe the vehicle was stolen, but he disputes that police had probable cause to believe that he was in possession of the vehicle or that he knew it was stolen. We conclude that, at the time of the arrest,

---

[4] The Commonwealth argues for the first time that the defendant was not under arrest at the time he was handcuffed, and therefore all that was required was reasonable suspicion to stop the defendant. Because this argument was not raised at the hearing on the motion to suppress, it is waived on appeal. Commonwealth v. Silva, 440 Mass. 772, 781-782 (2004). We note, however, that whether the seizure of a defendant constitutes an investigatory stop or an arrest depends on the existence of one or more factors.

For example, the handcuffing of a suspect may not transform a seizure into an arrest where there is a possibility of flight or suspicion of a violent crime, or if the safety of the officers is at risk. See Commonwealth v. Phillips, 452 Mass. 617, 627 (2008) (handcuffing defendant and placing him in police car did not constitute arrest "because of the violent nature of the reported crimes, [defendant's] attempt to flee, and the possible danger to the safety of the officers as well as the potential occupants of the house"); Commonwealth v. Williams, 422 Mass. 111, 118-119 (1996) (seizure of defendant did not constitute arrest because defendant "posed a substantial flight risk" and "a significant safety risk" to officers and public). Here, there were no factors present that would suggest that the seizure was not an arrest.

although the officer had probable cause to believe that the defendant was in possession of a stolen vehicle, the observations he made did not rise to the level of probable cause to believe that the defendant knew that the vehicle was stolen.

a.  Possession.  Where there is evidence that an individual exercised "dominion and control" over a motor vehicle, probable cause exists to believe that that individual possessed the vehicle.  See Commonwealth v. Darnell D., 445 Mass. 670, 672-673 (2005).  See also Commonwealth v. Paniaqua, 413 Mass. 796, 801 (1992), citing Commonwealth v. Brzezinski, 405 Mass. 401, 409 (1989) ("possession is the intentional exercise of control over an item").  Dominion and control may be shown by circumstantial evidence.  Ramos, 470 Mass. at 750.

Here, the defendant argues that evidence of his presence in the vicinity of the stolen vehicle and sitting in the passenger's seat is not enough to warrant a reasonable belief that he possessed the vehicle.  We agree that mere presence in the passenger's seat of a motor vehicle would not be sufficient to indicate possession.  See Darnell D., 445 Mass. at 673, citing Commonwealth v. Campbell, 60 Mass. App. Ct. 215, 217 (2003).  However, the defendant's presence near the vehicle was not the only observation that the officer made.  The officer also observed the defendant leaning on the vehicle, opening and closing the vehicle's door, tossing something inside the

vehicle, and sitting in the vehicle's passenger's seat. Importantly, no one else was in the vicinity of the vehicle while the officer made these observations of the defendant.

These actions suggested that, for all intents and purposes, the defendant had exclusive access to the inside of the vehicle, utilized that access, and had at least some degree of control over the vehicle. Taken together, the officer's observations were sufficient to establish probable cause to reasonably believe the defendant had dominion and control over the vehicle, that is, that he possessed it.[5]

b. Knowledge. To arrest the defendant for receiving a stolen motor vehicle, the police also needed probable cause to believe the defendant knew that the vehicle was stolen. See Commonwealth v. Dellamano, 393 Mass. 132, 137-139 (1984) (possession of stolen vehicle alone is not sufficient to establish that defendant had knowledge that vehicle was stolen).

---

[5] The defense points to observations that the officer did not make of the defendant, including operation of the vehicle, sitting in the driver's seat, or attempting to conceal the fact that the automobile was stolen. See Commonwealth v. Namey, 67 Mass. App. Ct. 94, 100 (2006); Commonwealth v. Hunt, 50 Mass. App. Ct. 565, 569-570 (2000). Although such observations would have added to the probable cause calculus, they are not necessary to determine that the defendant exercised dominion and control over the vehicle. See, e.g., Commonwealth v. One 1986 Volkswagen GTI Auto., 417 Mass. 369, 371, 375 (1994) (defendant exercised dominion and control over vehicle that was regularly parked where defendant resided and had stereo system that defendant altered for his benefit).

The Commonwealth argues that circumstantial evidence and "reasonable inferences" established the defendant's knowledge that the vehicle was stolen. See id. at 136 ("A person's knowledge . . . is a matter of fact . . . which may not be susceptible of proof by direct evidence"). We are not convinced.

The Commonwealth notes that when one is in possession of recently stolen property, knowledge of its status as stolen may be inferred. See Commonwealth v. Burns, 388 Mass. 178, 183 (1983); Commonwealth v. Kirkpatrick, 26 Mass. App. Ct. 595, 600-602 (1988). Here, however, there was no evidence presented at the hearing that the officer knew when the vehicle had been stolen.

The Commonwealth acknowledges that the record does not reflect the timing of the theft, but nevertheless urges us to conclude that the officer could have inferred that the vehicle was recently stolen based on the fact that the original license plates were still attached. The Commonwealth reasons that this inference is permissible because a thief presumably would want to hide the vehicle's stolen status as soon as possible, and thus the lawful owner's license plates would likely be removed or replaced soon after the theft. However, the Commonwealth provides no case law -- and we can find none -- that supports this proposition. Further, there was no testimony at the

hearing that even hinted at such a correlation.  The Commonwealth points to no other evidence that the officer had probable cause to believe that the suspect knew that the motor vehicle had been stolen.

Although the police did not have sufficient evidence to support probable cause as to the knowledge element of receiving stolen property, the circumstances did provide a basis for reasonable suspicion to believe that a crime was being committed.  However, reasonable suspicion justifies only a Terry-type investigative stop, not an arrest.  See Commonwealth v. Willis, 415 Mass. 814, 817 (1993) (reasonable suspicion exists where there are "specific articulable facts . . . that the defendant had committed or was committing a crime"); Commonwealth v. Wren, 391 Mass. 705, 707 (1984).  Given the information that the motor vehicle was stolen, the officers could have performed an investigative stop.  They could have asked the defendant for the vehicle registration and inquired about his relationship to the vehicle and his knowledge of its ownership.  If, after such inquiry, the police still had probable cause to believe that the vehicle was stolen, they could have seized and impounded the vehicle without a warrant.  See Commonwealth v. Hason, 387 Mass. 169, 172-176 (1982).  And, if the information the defendant provided in response to their questioning indicated his knowledge that the vehicle was stolen,

they might then have had probable cause to arrest him.  On the record before us, however, the arrest was premature.

3.  <u>Conclusion</u>.  Because there was no probable cause to believe that the defendant knew that the motor vehicle was stolen, the defendant's arrest was unlawful and his postarrest statements were properly suppressed as the fruit of that unlawful arrest.  The motion to suppress was properly allowed.

<u>So ordered</u>.