NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-920

COMMONWEALTH

vs.

JASON M. DENISON.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The Commonwealth appeals from an order of a District Court judge allowing the defendant's motion to suppress evidence seized pursuant to a warrantless arrest.  We affirm.

Background.[1]  On May 4, 2020, Sergeant Andrew Simmons of the New Bedford Police narcotics unit was parked on a public street conducting an investigation in the south end of New Bedford. While parked, he noticed three cars circle the block three times -- a black Lexus followed by a grey Mazda and then a white Mazda.  Simmons followed as the three cars turned down a side

_____

[1] "We reprise the motion judge's findings of fact, supplemented, in part, by uncontroverted testimony at the hearing on the motion to suppress." Commonwealth v. Agogo, 481 Mass. 633, 633-634 (2019).

street.  Simmons saw the following.[2]  A Black male, later identified as the defendant, exited the driver's side of the black Lexus and approached the driver of the white Mazda and had a conversation at the window.  Simmons testified, "It appeared that there was an exchange either retrieving something or handing something in."  Simmons could not see what it was.  The defendant then walked to the grey Mazda and raised one finger, as if signaling to the operator of the grey Mazda to "hold on," and returned to the Lexus.  Back at the Lexus, the defendant opened the trunk and reached into a large plastic bag.  He removed something from a large plastic bag on the right side of the trunk and placed it into a bag in front of him.  He then twisted something.  He put the item in the front pocket of his sweatshirt, and closed the trunk.  As the defendant walked back toward the white Mazda, there appeared to be a bulge in his sweatshirt.  He got into the white Mazda, which drove off.  Simmons followed.

After traveling about one block, the white Mazda stopped, let the defendant out, and drove away.  Simmons, believing he had just witnessed a drug transaction, radioed to other officers to stop the defendant and the white Mazda.  Police found "some"

_____

[2] Simmons testified that he was approximately one hundred feet from the Lexus and thirty feet from the last of the three cars at the time of the observations.

marijuana in the white Mazda; the operator denied that it came from the defendant and said that the defendant was a "relative or something."  The location of the marijuana in the car and a description of the packaging are not in the record.  The defendant, who was walking in the direction of the Lexus, was stopped by other officers not far from where he exited the Mazda.  Meanwhile, detectives stopped the defendant, secured him in handcuffs, and read him his Miranda rights.

The motion judge granted the defendant's motion to suppress evidence seized from the defendant and the Lexus and statements the defendant made after he was arrested.  The motion judge credited Simmons's testimony and found him to be an experienced narcotics officer but concluded that his observations and reasonable inferences "therefrom do not arise to the level of reasonable suspicion."

Discussion.  In reviewing an order on a motion to suppress, "we adopt the motion judge's subsidiary findings of fact absent clear error, but we independently determine the correctness of the judge's application of constitutional principles to the facts as found" (citation omitted).  Commonwealth v. Buckley, 478 Mass. 861, 864 (2018).  We may affirm the allowance of a motion to suppress on any ground supported by the record. Commonwealth v. Pridgett, 481 Mass. 437, 438 n.2 (2019).

3

Here, the Commonwealth correctly concedes that the defendant was arrested when he was stopped by the police, placed in handcuffs, and read his Miranda rights.[3] Commonwealth v. Grandison, 433 Mass. 135, 145 (2001), quoting Commonwealth v. Cook, 419 Mass. 192, 198 (1994) ("An arrest occurs where there is [1] 'an actual or constructive seizure or detention of the person, [2] performed with the intention to effect an arrest and [3] so understood by the person detained'"). A warrantless arrest must be supported by probable cause. See Commonwealth v. Frazier, 410 Mass. 235, 241 (1991) (arrest unlawful where no probable cause to believe defendant was committing a crime). "[P]robable cause exists where, at the moment of arrest, the facts and circumstances within the knowledge of the police are enough to warrant a prudent person in believing that the individual arrested has committed or was committing an offense" (citation omitted). Commonwealth v. Santaliz, 413 Mass. 238, 241 (1992). "Probable cause may be established where the 'silent movie' observed by an experienced narcotics investigator reveals 'a sequence of activity consistent with a drug sale at a

---

[3] We assume, without deciding, that the officers had reasonable suspicion to stop the defendant. See Commonwealth v. Paris, 97 Mass. App. Ct. 785, 788 (2020) ("An investigatory stop [is] justified if the Commonwealth proved that the police had a reasonable suspicion, based on specific, articulable facts and reasonable inferences therefrom, that [the defendant] had committed, was committing, or was about to commit a crime" [quotation and citation omitted]).

4

place notorious for illicit activity in narcotics.'" Commonwealth v. Stewart, 469 Mass. 257, 262 (2014), quoting Santaliz, supra at 242. Probable cause did not exist here.

In Stewart, 469 Mass. at 259, the Supreme Judicial Court held that officers did not have probable cause to arrest a defendant where they observed the following: a man that one of the officers had previously arrested for the distribution of "crack" cocaine was walking down the street followed by two men and one woman; the woman was counting currency. The group turned down an alley known for drug use, huddled together in a doorway briefly, exchanged something, and separated. Id. When officers approached Stewart, he lied about where he had just been. Id. Similarly, in Commonwealth v. Clark, 65 Mass. App. Ct. 39, 41-44 (2005), we held that there was neither reasonable suspicion to support a stop nor probable cause to support an arrest where an officer conducting surveillance in a high crime, high drug area witnessed an unknown male standing outside a bar exchange an item for money with a man known to the officer as a bartender at a different establishment. In Commonwealth v. Levy, 459 Mass. 1010, 1011-1012 (2011), officers did not have probable cause to search a Pontiac automobile, where they observed a man in a Ford automobile exit the vehicle, make a call at a public phone, enter a Pontiac automobile minutes

5

later, ride in the Pontiac for approximately 200 yards, then exit and return to the Ford.

The facts of this case fall below the level of suspicion present in either Stewart or Clark.  Here, the defendant and the driver were both unknown to the police.  There was no testimony that the conduct occurred in a neighborhood known for illegal activity of any kind.  A brief car ride, without more, does not establish probable cause.  Whatever was transferred was small enough to be held in a hand and unseen by an experienced detective.  Nor does the manipulation of plastic bags in a trunk tip the scales in favor of establishing probable cause, especially where small amounts of marijuana, which is often packaged in small plastic bags, may be gifted legally in Massachusetts.  G. L. c. 94G, § 7 (a) (1), (4) (prohibits prosecution or punishment for transfer of less than one ounce of marijuana to person over age of twenty-one, as long as transfer was not for remuneration and was not advertised to public).  See Commonwealth v. Long, 482 Mass. 804, 811 (2019) ("[a]s a result of these changes to the Commonwealth's marijuana laws, to obtain a search warrant for an offense involving marijuana, the police are required to establish that they are investigating illegal marijuana possession or illegal marijuana cultivation, not

merely the possession, consumption, or cultivation of marijuana").

<u>Order allowing motion to suppress affirmed</u>.

By the Court (Green, C.J., Blake & Henry, JJ.[4]),

Clerk

Entered:  August 21, 2024.

---

[4] The panelists are listed in order of seniority.